| 85 | 343 |
| 96 | 414 |

## 𝔚ytheville.

COOPER, GUARDIAN, &C., V. DAUGHERTY, ADM'R, AND ALS.

PHELPS, FOR, &C., V. HELDRETH AND ALS.

HELDRETH V. HELDRETH AND ALS.

HELDRETH AND WIFE V. PEIRCE, COM'R, AND ALS.

August 23d, 1888.

1. EQUITABLE JURISDICTION AND RELIEF—*F. C. Bond—Nulla Bona.*—Equity will treat as a nullity a forfeited forthcoming bond, on the execution issued on the judgment whereon there has been a return of "*nulla bona*," and regard the lien of the original judgment as still subsisting for the benefit of the creditor. *Jones* v. *Myrick*, 8 Gratt. 179.

2. IDEM—*Decree—Costs.*—Where decree, not final, though adjudicating the principles of the cause, reserves the question of costs for future adjudication and refuses costs to the party prevailing;

HELD:
　Not error.

3. IDEM—*Creditors' bill—Sale—Master's report.*—Report shows, on testimony of several witnesses, that the rents and profits will not pay the debts within five years—the annual rents being $246 and the debts about $2,500—and the report is confirmed and sale of the land decreed;

HELD:
　Not error.

4. IDEM—*Decree of sale—Commissioners—Bond and security.*—Sale commissioners are required by Code 1873, ch. 174, ₰ 1, to execute bonds with security before receiving any money under the decree of sale, and failure of decree to direct the execution of such bond;

HELD:
　Not to be reversible error. *Bodkin* v. *McAlister*, 76 Va. 809.

5. IDEM—*Refusal to accept bid—Case at bar.*—One not a party to the suit asked leave to file a petition, offering for the land to be sold $800—

344    COOPER, GUARDIAN, &c., *v.* DAUGHERTY, ADM'R, AND ALS., &c.

Syllabus—Statement—Opinion.

$125 cash and balance in one, two and three years, without interest; the master having reported it as worth $900, and it having cost $1,200, without improvements, leave was refused;

HELD:

Not error.

Appeal from decrees of circuit court of Wythe county, rendered at the September term, 1887, and the March term, 1888, respectively, in four consolidated causes, the last of which is the bill of review filed by John J. Heldreth and wife *v.* D. S. Peirce and others, in the three first-named causes to review and reverse a former decree therein. Said decrees being adverse to Heldreth and wife, they appealed. Opinion states the case.

*F. S. Blair,* for the appellants.

*Walker & Walker, D. S. Peirce,* and *C. B. Thomas,* for the appellees.

RICHARDSON, J., delivered the opinion of the court.

This is the appeal of John J. Heldreth and Margaret A., his wife, and of Isaac Corvin, from two decrees rendered respectively at September term, 1887, and at March term, 1888, of the circuit court of Wythe county, in the four consolidated causes of W. P. Cooper, Guardian, &c., against Daugherty, Adm'r, &c., and others; of E. McG. Phelps, for, &c., against J. J. Heldreth and others; and of James T. Heldreth against J. J. Heldreth and others, on original bills in creditors' suits, and of J. J. Heldreth and wife against D. S. Peirce, Commissioner, and others, on a bill of review.

The facts are these: One undivided fourth of one hundred and fifty-two acres of land in said county, known as the Bretner heirs' land, was, in 1872, conveyed by Kent, commissioner, to John Daugherty, whose wife, Catherine, owned another fourth thereof. A lien was retained for the unpaid purchase money;

the shares of Daugherty and wife, amounting to seventy-six acres, were laid off together. Daugherty died before 1879, intestate, without having paid this purchase-money, and leaving his wife and four children, to-wit: Wm. A., James H., Mary J., wife of Henry Simmonson, and Margaret A., the female appellant, surviving him.

In 1879 the mother, Catherine, and three of her children, viz: William, James and Mary, conveyed to J. J. Heldreth their interest in another tract of ninety acres, owned by John and Catherine Daugherty as tenants in common.

In 1881 Catherine died intestate. Her interest in the seventy-six acre tract descended to her said children, whereof twenty-two acres were assigned to Mary J. Simmonson as her share. In 1884 Wm. A. and James H. Daugherty conveyed their interest in said seventy-six acres to J. J. Heldreth in consideration that he pay certain debts of John Daugherty, deceased, and the balance of the purchase-money unpaid on the Bretner heirs' land, for which a lien was retained. Heldreth failing to pay off this lien, W. P. Cooper, guardian of those heirs, in 1888, brought suit in said circuit court to enforce the lien.

At the March term, 1885, a decree of sale was rendered, and in May of that year J. J. Heldreth *and wife*, in order to prevent the sale, conveyed to the commissioner, C. B. Thomas, the entire ninety acres to secure the Bretner debt. In February, 1885, J. J. Heldreth conveyed the twenty-two acre and thirteen acre parcels of land, which he owned in fee simple, to secure $400, borrowed money, to J. H. McGavock, and in February, 1885, he conveyed the ninety acres to secure debts to Clark, Blessing & Co., his endorsers.

In March, 1885, he conveyed the three parcels of fifty-four, twenty-two and thirteen acres to his wife in consideration that she pay the McGavock debt, and a debt to Bettie Walters and one to Samuel Umbarger, none of which did she ever pay. At the date of this last deed there existed several prior liens, to-wit: the Bretner debt on the fifty-four acres, and the judg-

ment of Phelps, docketed in September, 1884, was a lien on all three of said parcels embraced in his said deed to his wife, which sought to prefer the McGavock, the Walters, and the Umbarger debts to the Phelps judgment. On this judgment a *fi. fa.* had been issued, a forthcoming bond taken, with W. A. Daugherty and James T. Heldreth as sureties, the bond forfeited and execution awarded on the same day the deed to her was executed.

In August, 1885, Phelps filed his bill to subject the lands of his debtor to his judgment. In due time there was an account of lands and liens, a report thereof returned; and a decree to rent.

In February, 1886, J. T. Heldreth brought his bill to enforce the lien of a judgment in his favor against J. J. Heldreth; and at the ensuing term the causes of Phelps and of J. T. Heldreth against J. J. Heldreth were heard together, and in them an account was ordered, as there had been at the previous September term in the cause of *Cooper* v. *Heldreth.* Reports were duly made, which were excepted to; and at the September term, 1886, these three causes were heard together, the exceptions overruled, and a decree entered for the sale of the lands other than the ninety acres.

At December term, 1886, C. B. Thomas, commissioner, reported sale of the ninety acres under decree in the Cooper case, and on the next day J. J. Heldreth filed a bill of review. At March term, 1887, a decree was made in these four consolidated causes, annulling all the decrees and orders that had been entered in each of them, and directing W. E. Fulton, commissioner, to take an account of lands and of liens, and have a survey and plot of the lands made and returned with his report.

In August, 1887, the commissioner returned his report with the plot of survey. To this report a number of exceptions were filed, and at the September term, 1887, the court sustained the exception of Cooper to his judgment being placed in the fourth

instead of the first class, overruled the other exceptions, and recommitted the report with instructions to the commissioner to ascertain and report as to what debts J. J. Heldreth was legally entitled to be allowed the benefit of the homestead exemption, and to report anew the liens on his lands and on the lands conveyed to his wife, etc.

The amended report was returned in February, 1888, to which numerous exceptions were again filed by J. J. Heldreth, and one by Umbarger.   At March term, 1888, a decree was rendered overruling all of the exceptions and confirming the report of the commissioner, from which it appeared that the total amount of all liens, principal and interest, to March 12th, 1888, and costs, was $2,493.07, including debts as to which the homestead is not waived, and that the several tracts of land were worth respectively, as follows: ninety acres, $900; fifty-four acres, $810; twenty-two acres, $440, and thirteen acres, $300; making a total of $2,450, and that the rents and profits would not pay off these liens in five years.

And the court decreed that the Phelps judgment is a lien in the order reported by the commissioner on the three-fourths of the ninety acres; that the other debts as reported are liens on the said three-fourths of the ninety acres, and that the trust deed executed to C. B. Thomas, trustee, to secure the debt to the Bretner heirs, and the trust deed executed to J. R. Tench, trustee, in addition to being liens on the said three-fourths interest, are liens on the one-fourth interest of Mrs. Margaret A. Heldreth in the ninety acres, and that the said trustees, so far as their liens are unsatisfied out of the three-fourths interest, are entitled to go upon the one-fourth interest of Mrs. Heldreth ; and that the said Phelps' judgment, in the order reported, is also a lien on two-thirds of the fifty-four acre tract, and upon the whole of the twenty-two acre and the thirteen acre tracts, and is the same debt reported as a lien on the three-fourths of the ninety acres, the latter being the judgment on the forthcoming bond taken on said judgment and that there can be but

348    COOPER, GUARDIAN, &C., v. DAUGHERTY, ADM'R, AND ALS., &C.

Opinion.

one satisfaction ; and that the homestead exemption cannot be claimed against the judgments on the two notes to C. B. Thomas ; and that the lien in favor of the Bretner heirs should be paid out of the three-fourths interest in the ninety acres before any part of Mrs. Heldreth's one-fourth thereof should be applied thereto.

And the court being of opinion that all four of said tracts of land should be sold for the payment of the liens thereon, as ascertained by said report and this decree and statement "A" filed with said report, decreed that D. S. Peirce and two others, appointed commissioners for the purpose, proceed to sell the same in the mode and on the terms prescribed, after giving bond in the penalty of $5,000, conditioned for the faithful performance of their duties as commissioners and receivers in these causes.    The court then reserved the adjudication of any question as to costs in favor of J. J. Heldreth upon his bill of review.

The appellant, Israel Corvin, at September term, 1887, tendered his petition in which he exhibited a deed to him from J. J. Heldreth and wife for the ninety acre tract, dated in 1887, praying that the sale to him by them be confirmed and the purchase money applied to the liens thereon.    The petition was rejected then, and it was again presented at the March term, 1888, and the court, by its decree then rendered, again rejected it.    From this decree, as well as from the decree rendered at the September term, 1887, an appeal and *supersedeas* were allowed.

The appellants, Heldreth and wife, assign numerous errors. We shall only notice a few of them, the rest being founded on pure misconceptions of the facts disclosed by the record.    They insist: 1st. That the circuit court erred in holding that the rents and profits would not pay the liens in five years, and in directing a sale of the land.    To this, it is a sufficient answer that the master so reported and based his opinion on the testimony of four witnesses, one of whom was J. J. Heldreth, the

appellant, who estimated the annual rental value at more than four times as much as it was estimated at by the highest disinterested witness; and yet the average of the estimates of the four was only $246, a sum plainly inadequate to pay off liens amounting to nearly $2,500, with the accruing interest, the costs of the suit and the expenses of renting.

2d. That the circuit court erred also in confirming the report of liens as binding on the whole of the several tracts of land, when the proof shows that Margaret Heldreth owned one-fourth of the ninety acres and one-third of the fifty-four acres in fee.

This is a palpable mistake. The liens are properly reported. The last decree specifies particularly on what lands they are charged. The Phelps' judgment is adjudged to be a lien only on J. J. Heldreth's three fourths of the ninety acres and two-thirds of the fifty-four acres, and on the whole of the twenty-two and thirteen acre parcels. No liens are put on Mrs. Heldreth's land except the two deeds of trust which she executed.

3d. It is objected that it was error to allow compound interest on the debt due the Bretner heirs. A guardian is entitled, under § 11, ch. 127, Code 1873, to charge compound interest on debts due his wards, and is himself answerable for it. Moreover, here the guardian's bill demanded compound interest on this debt, and the defendants below suffered the bill to go for confessed.

4th. It is also insisted that the circuit court erred in charging liens on the fifty-four, twenty-two and thirteen acre tracts, con·veyed by J. J. Heldreth to his wife by the deed of March 3d, 1885.

In answer to this it is sufficient to say that this deed is junior to the Phelps judgment, which was obtained September 22d, 1884; also to the deed of trust to secure McGavock, dated 5th of February, 1885, and the deed to secure Umbarger, dated 9th of December, 1884. The McGavock, the Walters and the C

Umbarger debts are mentioned in the deed to Mrs. Heldreth as part of the price she was to pay for the land. In the junior deed to J. R. Tench, trustee, she joined her husband in conveying her interest as well as his in the said lands ; and so as to the thirteen acres and the fifty-four acres, except that the Bretner debt is charged as the first lien on the latter.

5th. It is also objected that the circuit court erred in putting the Phelps judgment of $391.65, of March 3d, 1885, before the deed of that day from J. J. Heldreth to his wife.

This is another misinterpretation of the record. The judgment that is put as prior to that deed, as to the three tracts conveyed thereby, is the original judgment of 22d September, 1884. The one objected to is the judgment on the forthcoming bond for the same debt, and as to these judgments, the last decree declares that there can be but one satisfaction.

6th. It is also insisted that the circuit court erred "in holding that the Phelps judgment of September 22d, 1884, is a lien on the fifty four, twenty-two and thirteen acre tracts, when that judgment was satisfied and its lien extinguished by the forthcoming bond thereon taken, returned and forfeited, and was subject only to be treated in equity as still subsisting in favor of the creditor in case of the insolvency of the sureties, W. A. Daugherty and J. T. Heldreth."

Here the appellants have misconceived the application of the law. This court has repeatedly held that the surety in a forthcoming bond, who pays the debt, is subrogated to the benefit of the lien of the original judgment against the land of the judgment debtor. *Hill* v. *Mauser*, 11 Gratt. 525 ; *Robinson* v. *Sherman*, 2 Gratt. 178–9.

But the record shows that a writ of *fieri facias* was sued out on this judgment on the forthcoming bond and returned "no property," which return has been held conclusive evidence of the insolvency of the execution debtors. *Goodall* v. *Stuart*, 2 H. & M. 111. And in *Rhea* v. *Preston*, 75 Va. 774, it is said by this court: "When the obligors in a forthcoming bond, which has

been forfeited and returned, though solvent when the bond was taken, become insolvent afterwards, the plaintiff may have the bond quashed and be restored to his original judgment. And though the bond be not quashed, a court of equity will regard it as a nullity and the original judgment in full force." *Jones* v. *Myrick*, 8 Gratt. 211–12; *Leake* v. *Ferguson*, 2 Gratt. 432; *Robinson* v. *Sherman*, Ib. 182; *Garland* v. *Lynch*, 1 Rob. R. 545; *Powell* v. *White*, 11 Leigh, 309.

7th. And it is objected that the circuit court did not decree to J. J. Heldreth fees and costs on his bill of review on which he prevailed. As to this, it is enough to say that the decrees complained of, though they do adjudicate the principles of the cause, are neither of them final, and that the last decree reserves this question of costs for future adjudication.

8th. And it is also insisted upon as error to refuse Israel Corvin leave to file his petition at September term, 1887, and at March term, 1888.

The petition was rightly refused. It was a mere offer to buy the land, which the court had the right to decline. It was an offer of less than the value of the land, to-wit: $800, of which $125 had been paid cash, and the balance was payable in one, two and three years, *without interest.* The master reported its value to be $900, and it cost $1,200, without improvements. Corvin was no party to the suit, and had no interest whatever in it.

And, among numerous other objections, it is said that the circuit court erred in not requiring the commissioners of sale to give security on their bond. The statute, Acts 1883–'4, p. 213, says: "The commissioner shall give bond and personal security, to be approved by the clerk of the court." The decree of the March term, 1888, fixed the penalty of the bond which it directed the commissioners to give. And this court, in *McAlister* v. *Bodkin*, 76 Va. 809, held that it is not a reversible error for a decree to fail to provide that the commissioner of sale shall give bond and security.

In conclusion, it need only be said that, of the thirty-four assignments of error, not one of them has the merit of being in the least sustained, either by the facts or the law of the case. We are, therefore, of opinion that the decrees complained of are clearly right, and that they must be affirmed, with costs to the appellees.

DECREES AFFIRMED.