### Richmond.

RORER AND OTHERS v. FERGUSON AND OTHERS.

NOVEMBER 17, 1898.

Absent, Riely and Cardwell, JJ.

1. SUBROGATION—*Payment of Judgment by Sureties in a Forthcoming Bond.*—
A surety in a forfeited forthcoming bond who has paid the debt is
entitled to be substituted to all the rights of the creditor against the
principal debtor subsisting at the time he became surety, and to recover
of him the full amount of the original judgment of the creditor
against him.
2. MERGER—*Purchase of Land by One Holding a Lien Thereon—Other En-
cumbrances.*—The acquisition of the legal title to land on which one
holds a lien does not necessarily merge the lien. It is a question of
intention. In the absence of an express agreement to merge the lien,
equity will keep it alive or destroy it, as appears to be to the interest
of the purchaser. It will not destroy it if there is any necessity for
keeping it alive, such as the existence of another encumbrance, in the
absence of an agreement to that effect.

Appeal from a decree of the Hustings Court of the city of
Roanoke pronounced February 15, 1895, in a suit in chancery,
wherein the appellee, Underwood, and others, were the com-
plainants, and the appellants and others were the defendants.

*Affirmed.*

The opinion states the case.

*R. R. Hicks,* for the appellants.

*Watts, Robertson & Robertson* and *Smith & King,* for the appel-
lees.

KEITH, P., delivered the opinion of the court.

The suit of *Underwood* against *Payne, Shelor & Co.*, was brought in the Corporation Court of the city of Roanoke to enforce liens upon the real estate of the defendants. There was a decree referring the cause to a commissioner to report upon the liens and their priorities. Exceptions to this report were passed upon by the Hustings Court, and a decree of sale entered, from which an appeal was taken to this court.

Underwood recovered a judgment against Payne, Shelor & Co. at the March term,. 1893, of the Hustings Court, which was docketed on April 7th of that year, and the lien of which relates back to the beginning of the term, the first Monday in the month. Upon this judgment execution was issued, and a forthcoming bond given the 6th of May, 1893, with Rorer and Didier as sureties, which was forfeited on the 22d of that month. On April 5, 1893, a part of the real estate of those composing the firm of Payne, Shelor & Co. was conveyed to Hart, trustee, to secure certain notes aggregating $4,200, and on June 3, 1893, the same real estate, subject, of course, to the deed of trust just mentioned, was conveyed to Ferguson, with general warranty, for the consideration of $1.00, and the assumption upon his part of the liens created by the deed to Hart, trustee.

At the term of the Circuit Court of the city of Roanoke beginning April 11, 1893, Dunbar & Cape recovered judgment against Payne, Shelor & Co., docketed May 2, 1893, upon which execution issued the 6th of May, 1893, and a forthcoming bond was given with Rorer and Didier as sureties, which was also forfeited on the 22d of May, 1893.

On the 16th of November of the same year Hart, trustee, conveyed, with special warranty, to S. D. Ferguson the property described in the deed of April 5.

Upon this state of facts the court was of opinion that the real estate should be sold to pay the liens in the following order: The real estate of Payne, Shelor & Co. to be first sold, or so much thereof as would be sufficient to pay the judgment

of Underwood and costs of suit, including the prior lien upon it. If the proceeds of this sale proved insufficient to satisfy Underwood's judgment in addition to the liens which were prior thereto, then the land conveyed to S. D. Ferguson should be sold to satisfy the balance due J. P. Underwood.

As to the judgment of Dunbar & Cape it also was to be paid out of the property remaining in the hands of the judgment debtor, if sufficient for that purpose, but if it proved insufficient the balance due them was to be paid by Didier and Rorer, and not by Ferguson.

This decree is attacked by Didier and Rorer, who claim that upon the payment by them of the Dunbar and Cape judgment they would be subrogated to the rights of the judgment creditors; that Ferguson was, in fact, the owner of the debts secured in the deed of trust to Hart, of April 5, and that, having purchased the equity of redemption, and assumed the payment of the Hart lien, he became both debtor and creditor, and thereby the Hart deed of trust and the debts secured in it were extinguished.

Ferguson complains because by the decree his property is subjected to sale in the event that the real estate remaining in the hands of Payne, Shelor & Co. proves insufficient to satisfy the judgment in favor of Underwood, and the liens prior to it.

Passing upon the last contention first, it is sufficient to say that if Rorer and Didier, the sureties in the forthcoming bond, had paid the judgment obtained against them they would be subrogated to the rights of Underwood, and to the lien of his judgment against Payne, Shelor & Co. This was decided in the case of *Robinson* v. *Sherman,* 2 Gratt. 179, where it is held that "the surety of a joint debtor in a forthcoming bond, becomes, upon the forfeiture thereof, surety for the debt, and when he has discharged it, is entitled to be substituted to all the rights of the creditor against the original debtors, subsisting at the time he became so bound for the debt, and is en-

titled to recover from the original debtors the principal, interest, and costs of the original debt."

This case has been frequently cited, and always with approval. In *Hill* v. *Manser*, 11 Gratt. 525, where it is held that the surety in a forfeited forthcoming bond became thereby surety for the debt, and when he "paid the same as such surety, he became entitled, upon the principles of a court of equity, to all the rights of the creditor against the original debtor, subsisting at the time he became so bound for the debt, and that the judgment for the benefit of the surety so paying, is not regarded as extinguished, but transferred, with all its obligatory force, against the principal." To the same effect see *Cooper* v. *Daugherty*, 85 Va. 350.

There is no error in the decree to the prejudice of Ferguson, nor do we think there is any to the prejudice of Rorer and Didier. It matters not whether Ferguson was the real owner of the debts secured in the deed to Hart, trustee, at the time of the execution thereof, or whether he acquired them subsequently. There is no question as to the *bona fides* of the transactions. He bought the property with the Hart lien resting upon it, and is entitled to hold that lien for his protection, and this upon the plainest principles of equity.

In Sheldon on Subrogation, sec. 54, it is said : " The merger of a charge in the inheritance will not be presumed, if this would be contrary to the interest of both the charge and the inheritance."

Pomeroy, speaking upon the same subject, sec. 791, says, if there is no reason for keeping the charge alive, then " equity will, in the absence of any declaration of intention, destroy it; but if there is any reason for keeping it alive, such as the existence of another encumbrance, equity will not destroy it. In short, where the legal ownership of the land, and the absolute ownership of the encumbrance become vested in the same person, the intention governs the merger in equity. If this intention has been expressed, it controls; in the absence of such an

expression, the intention will be presumed from what appear to be the best interests of the party as shown by all the circumstances. If his interests require the encumbrance to be kept alive, his intention to do so will be inferred and followed. If, on the contrary, his best interests are not opposed to a merger, then a merger will take place according to his supposed intention."

But it is argued that Ferguson, having assumed the charge, made it his debt, and therefore cannot claim the benefit of the foregoing principles. His object in assuming the debt, however, it is manifest, was only for the purpose of protecting his title, which would be wholly defeated if the charge thus assumed is to be considered as having been extinguished, and this result would enure to the benefit not of Ferguson, by whom it was discharged, but of the junior encumbrancer. The decree complained of properly decides that the purchase by Ferguson on the 3d of June, and the conveyance to him by Hart, trustee of the trust property in November following, did not merge, extinguish, or impair, the lien created by the deed of trust to Hart of April 5, but that, in equity, it will be kept alive and in force for the protection of his title.

Upon the whole case we are of opinion that there is no error in the decree complained of, and it is affirmed.

*Affirmed.*