97    521
107   456

# Richmond.

ALLEN AND ANOTHER v. PATRICK, TRUSTEE, AND OTHERS.

NOVEMBER 16, 1899.

1. HUSBAND AND WIFE—*Contingent Dower—Sale to Husband—Death of Wife Intestate—Extinguishment—Merger—Assignment.*—If a husband purchase his wife's contingent right of dower in his real estate, and secures the purchase price along with other debts by a deed of trust on his real estate, on the death of the wife intestate, the debt secured to her becomes extinguished, as the husband is her sole distributee, and the deed of trust stands as a security for the other creditors secured. The husband cannot· assign such debt to another person to the prejudice of the other creditors secured.

2. MERGER—*Purchase of Mortgage by Mortgagor—How Viewed in Equity.*— If a court of equity finds it to be to the interest of a mortgagor who has acquired the mortgage that a merger should not occur it will keep both alive, but the interest must be one the promotion of which commends itself to a court of conscience. It must be for an innocent purpose, and in order to work substantial justice. An encumbrance acquired by a debtor which he can only assert to the prejudice of his creditors will be regarded as extinguished.

Appeal from a decree of the Circuit Court of Augusta county, pronounced June 17, 1899, in the chancery suit of *Patrick, Trustee,* v. *Hamilton and Others,* in which suit a petition was filed by certain creditors of H. A. S. Hamilton, praying to have set aside an alleged assignment from said Hamilton to S. Brown Allen, and for other relief. Upon the hearing, a decree was pronounced in favor of petitioners, and adverse to the appellants.

*Affirmed.*

The opinion states the case.

*J. M. Quarles* and *J. M. Perry*, for the appellants.

*T. K. Hackman* and *A. C. Braxton*, for the appellees.

KEITH, P., delivered the opinion of the court.

Appellants, in their petition for an appeal, state the case upon which they rely as follows: That on the 27th day of April, 1895, H. A. S. Hamilton executed a deed of general assignment, in which his wife, Grace A. Hamilton, united, to secure all of his creditors, and $1,500 to his wife for relinquishing her dower interest in the lands thereby conveyed. In the said deed it is recited:

" This conveyance is in trust for the purpose of securing the debts and liabilities of the said H. A. S. Hamilton, and on the following uses and none other. Said Hamilton finding himself unable to hold his property and continue his farming operations, owing to the pressure of his debts, and, in order to prevent the multiplicity of suits and the consequent costs and delay, and to bring the property to market in the best shape, so that the most may be realized for the creditors, has found himself obliged to convey his property in trust for his creditors; and his wife, Grace A. Hamilton, who has a contingent right of dower, the existence of which would greatly depreciate a sale of the same, is willing to release said right and to sign this deed for that purpose, in consideration of the sum of $1,500, to be paid her as hereinafter provided, in order that said property may be sold free of encumbrance. The trustee shall pay out of the funds realized by him on the debts and liabilities of Hamilton, as they shall be secured herein, in the following order or classes:

" First. Any unpaid taxes on said land, and the costs of drawing and recording this deed, etc.

" Second. The amount of the vendor's lien on the first mentioned tract, etc.

" Third. To secure to Grace A. Hamilton, in consideration of the release of her contingent right of dower in said land, the sum of fifteen hundred dollars ($1,500).

" Fourth. To the children of said H. A. S. Hamilton by his first marriage, the sum of $1,000,"

and then certain debts named in classes fifth and sixth.

The trustee, William Patrick, brought suit in the Circuit Court of Augusta county in order to administer this trust. An account of liens upon the estate was directed to be taken, and the claim of $1,500 secured to Mrs. Grace A. Hamilton was stated in the commissioner's report in the eighth class. A decree was entered in said cause on the 29th of May, 1896, confirming the report of the commissioner and directing the complainant, William Patrick, trustee, to sell the lands conveyed to him in the manner prescribed in said deed, and report his proceeding to the court. The land was sold for the sum of $6,393.75 to one F. F. Allen, who paid 10 *per cent.* in cash, and executed three bonds for the residue, with S. Brown Allen as his surety. This sale was confirmed at a subsequent term of the court.

It appears that Mrs. Hamilton departed this life in the fall of 1897, about a year after the sale had been made, and that on her death the $1,500 secured in the deed of trust above mentioned passed under the statute of distributions to her husband, H. A. S. Hamilton, one of the appellants. It further appears that in October, 1897, very soon after the death of his wife, petitioner assigned and transferred the claim of $1,500 to S. Brown Allen, for a valuable consideration. The creditors of H. A. S. Hamilton, in the fifth class of the trust deed, filed their petition in the chancery cause in which they claimed that, upon the death of Mrs. Hamilton, the $1,500 secured to her did not vest in her husband as distributee, but was absolutely extinguished, which view the court by its decree of June 17, 1899, sustained. There-

upon H. A. S. Hamilton and S. Brown Allen appealed to this court.

We are of opinion that the decree of the Circuit Court is right. We shall not enter upon a discussion of the doctrine of merger, to which we are invited by appellants. It appears from the statement of facts as presented by the appellants that Hamilton, in order to enhance the sale value of the property conveyed by him for the payment of his debts, purchased from his wife her contingent right of dower, and secured the payment of the purchase money to her by making it a preferred charge upon the land in the hands of his trustee, subordinate only to the unpaid taxes and a vendor's lien which rested upon a part of the land conveyed. It cannot be denied that this constituted a charge upon his property, nor can it be denied that, by the subsequent death of his wife, it passed to him. By their marriage, Mrs. Hamilton acquired an inchoate interest in his real estate, which could only be defeated by her voluntary act. Its effect was, of course, to diminish the fund to be derived from its sale by the trustee, and its surrender by the wife and acquisition by Hamilton enured directly to his benefit, by increasing the fund to go into the hand of the trustee to be applied in satisfaction of his debts. All of his property was liable to the just demands of his creditors. He takes a part of it and applies it to the extinguishment of a charge resting upon it, in the expectation that the arrangement would be to the mutual advantage of himself and his creditors, as it probably was, but the whole transaction places him in the attitude of having purchased the interest from his wife. If this be a correct analysis of the situation, there was an obligation upon him to pay the amount of the purchase money, an obligation, however, which it would never be necessary to enforce against him personally, because ample property had been conveyed to secure its payment. When, therefore, as a consequence of the death of his wife, this charge which he was under obligation to pay passed to him as her distributee, the hand to pay became also

the hand to receive, and the debt was thereby extinguished. 2 Bouvier's Law Dict., p. 231; Jones on Mort. (5th Ed.), sec. 864, and 2 Pom. Eq. Juris., sec. 797.

But the result would be the same if Hamilton were not regarded as a debtor with respect to the charge of $1,500. Where " the owner of an estate becomes also the owner of an incumbrance on it, such incumbrance shall thereby become extinguished," says the law; provided, however, says equity, " that it is not his interest or intention to keep such incumbrance alive." 2 Pom. Eq. Juris., sec. 790.

" Whatever may be the circumstances, or between whatever parties, equity will never allow a merger to be prevented and a mortgage or other security to be kept alive, when this result would aid in carrying a wrong or other unconscientious fraud into effect, under color of legal forms. Equity alone interposes to prevent a merger, in order thereby to work substantial justice." 2 Pom. Eq. Juris., sec. 734.

"A merger is prevented and a mortgage upheld where there is a strong equity in favor of it; but never, where it is not for an innocent purpose." *Hatch* v. *Kimball,* 16 Maine, p. 146.

*Rorer* v. *Ferguson,* 96 Va. 411, is a case where, for an innocent purpose and to prevent an injustice, a charge was kept alive in the interest of the purchaser. It was argued that Ferguson, having assumed the charge, made it his debt, and therefore it would not be kept alive for his protection. It was held in that case that he assumed the debt " only for the purpose of protecting his title, which would be wholly defeated if the charge thus assumed is to be considered as having been extinguished, and this result would enure to the benefit, not of Ferguson, by whom it was discharged, but to the benefit of the junior encumbrancer." A court of equity, therefore, looks to the substance of the case, and if it finds it to be to the interest of him in whom the two rights meet, that a merger should not occur, both will be kept alive, but the interest must be one the promotion of which com-

mends itself to a court of conscience; it must be for an innocent purpose and in order to work substantial justice. So far from its being to the interest of Hamilton that this charge should be kept alive to the detriment of the appellees, in contemplation of equity, his highest and best interests are to be subserved by its extinguishment, for thereby the fund devoted to the payment of his debts will be increased.

It may be doubted whether an ·express intention that the merger or extinguishment of the charge should not occur upon their meeting in the person of Hamilton would prevail against the obligation which rests upon every man to appropriate his property to the payment of his debts, but this we are not called upon to decide. There is no intention expressed in the record, but the just implication from all the facts, and the interest of Hamilton as viewed by a court of equity, alike demand that an encumbrance should be regarded as extinguished which he, the debtor, can only assert to the prejudice of his creditors.

The decree appealed from is affirmed.

*Affirmed.*