Statement.

# Richmond.

KLINE v. MILLER'S ADMINISTRATOR AND OTHERS.

November 21, 1907.

Absent, Cardwell, J.

1. MERGER—*Union of Incumbrance and Estate.*—If the holder of an incumbrance subsequently acquires the property upon which it rests, the lien is generally thereby extinguished, but this doctrine has no application where the holder of a vendor's lien upon one tract of land purchases from the owner a wholly different tract on credit, when there is no agreement between them for such an application. In the latter case, the owner of the incumbrance does not become the owner of the land upon which the incumbrance rests, but of an entirely different tract, and there is no such blending of interests as would occasion the merger of the lesser in the greater.

2. PAYMENTS—*Application of Parties—Rights of Third Persons.*—The applications of payments made by the parties to a contract cannot, as a rule, be questioned by third persons. The right is one existing strictly between the original parties, and no third person has any authority to insist upon any appropriation of such money in his own favor, where neither the debtor nor the creditor has required it.

Appeal from a decree of the Circuit Court of Rockingham county. Decree for complainants. Defendant Kline appeals.

*Affirmed.*

The opinion states the case.

*Jno. E. Roller* and *George G. Grattan,* for the appellant.

*Sipe & Harris,* for the appellees.

WHITTLE, J., delivered the opinion of the court.

We shall confine our inquiry to the bearing of the decree complained of on the rights of John B. Kline, who is the sole appellant.

The facts relevant to the matter in controversy are as follows: On September 1, 1873, D. B. Kline purchased of C. R. Branner an undivided moiety of two tracts of land, situated in Rockingham county, Virginia, one known as the "Meadow" tract, containing 103 acres, and the other the "Brush" tract, of 107 acres. The purchase price of Branner's interest in the properties was $3,650, of which sum $1,650 was paid cash, and for the credit installments the purchaser executed five bonds for $400 each, payable at 1, 2, 3, 4 and 5 years, secured by a vendor's lien reserved in the deed. One year later, Kline bought of Eliza A. Homan the other half of the two tracts for $3,919.45, on the same terms as to cash and credit payments, with his father-in-law, Daniel Miller, as surety, and a vendor's lien also reserved on the face of the deed. Kline conveyed this moiety of both tracts in trust to secure the amount of the purchase price to Miller; and, being unable to pay for the "Meadow" tract, on May 10, 1875, he sold and conveyed the entire tract to Miller for $5,961.67, the terms of sale being $3,000 cash and the residue in five annual installments of $529.23 each, secured by vendor's lien on the land.

At that time, this was the status of affairs between the parties: Miller was the holder of the incumbrances on the "Brush" tract, while his purchase money bonds for the "Meadow" tract were in excess of those liens. It will be observed, however, that these bonds were not then due.

On June 21, 1875, Miller paid off for Kline what is known in the record as the "Sites bond" of $910, and died July 5, 1877, without change in the *status quo* between him and Kline. His son, J. P. Miller, qualified as his administrator, and on January 1, 1878, entered into a written agreement with Kline

(to which all the Miller heirs were parties) settling the transactions between him and the estate. In that settlement the amount of the "Sites bond" was applied in payment of the deferred installments of purchase money of the "Meadow" tract, the effect of which appropriation was to leave undischarged the vendor's liens on the "Brush" tract, to the extent of the balance ascertained to be due from Kline to Miller's estate. This settlement and application of payments was subsequently ratified and confirmed, and the balance due established as "a lien on the 'Brush' tract," (*at Kline's instance*) by decree of the circuit court of Rockingham county of June 17, 1881, in a suit in equity brought by Kline to administer Daniel Miller's estate. It will, moreover, be observed, that all persons *then in interest* were parties to the agreement, settlement and suit, and that, at that time, no question was raised as to the fairness and propriety of the proceedings and result attained.

The appellant's interest in the subject matter in controversy accrued March 1, 1887, when his brother, D. B. Kline, executed a deed of trust for his benefit on 71½ acres of the "Brush" tract, followed by an absolute conveyance of that property on September 31, 1889.

In 1896, this suit was brought by Miller's administrator against Kline and his alienees, to subject the "Brush" tract to the satisfaction of the amount due on the vendor's liens. The decree appealed from confirmed the finding of the master in chancery to whom the question was referred, that the indebtedness from Kline to Miller's estate constituted a subsisting lien on the "Brush" tract.

The major premise of the appellant presents the narrow question, that the dealings between Kline and Miller, which culminated in the deed of May 10, 1875, conveying the "Meadow" tract from the former to the latter, operated *ipso jure* an extinguishment of the incumbrances on the "Brush" tract. The contention proceeds on the theory, that Miller being the holder of those liens, and his liability on the purchase of the "Meadow"

tract representing an indebtedness to Kline in excess of the liens, they were, by operation of law, irrespective of the intention of the parties, *eo instanti* discharged. The principle invoked to sustain that proposition is that, when the holder of an incumbrance subsequently acquires the property upon which it rests, the lien is thereby extinguished.

The doctrine is illustrated by the case of *Allen* v. *Patrick,* 97 Va. 521, 34 S. E. 451, where a husband having purchased his wife's contingent right of dower in his real estate, secured the purchase price, along with other debts, by a deed of trust on the land. On the death of the wife intestate, the husband took the debt as her distributee, and the court held that the debt and lien to secure it were extinguished.

The distinction between that case and this is obvious. Here the owner of the incumbrance was not the owner of the estate, and hence there was no such blending of interests as would occasion the merger of the lesser in the greater. Moreover, there is no evidence in the record of any stipulation between the parties, at the date of the sale of the "Meadow" tract, that the purchase money should be applied in discharge of incumbrances on the other tract; but a contrary intention is plainly to be inferred from the circumstance that the sale, as we have remarked, was not for cash, and the fund which it is said was applied by operation of law in liquidation of the liens, was not available for that purpose because, by express agreement, it was payable at one, two, three, four and five years from that date. The bare statement of the proposition would seem to proclaim its fallacy.

In *Allen* v. *Patrick, supra,* the court also held: "If a court of equity finds it to be to the interest of a mortgagor who has acquired the mortgage that a merger should not occur, it will keep both alive, but the interest must be one. the promotion of which commends itself to a court of conscience. It must be for an innocent purpose, and in order to work a substantial justice." See also *Rorer* v. *Ferguson,* 96 Va. 411, 31 S. E. 817.

In this case, at the date of the application of what was due

from Miller's estate on the purchase price of the "Meadow" tract in payment of the "Sites bond," the appellant was a stranger to the transaction, and his rights in no manner affected by it. It was competent, therefore, for Kline to make the application that was made, and in appropriating the payment to the least secured debt, he only did what the law would have done in the absence of action by the parties. *Pope* v. *Transparent Ice Co.,* 91 Va. 79, 20 S. E. 940.

In *Coles* v. *Withers,* 33 Gratt. 186, the court (p. 203) observes: "The general rule is subject to but few exceptions, and this is not one of them, that the court cannot go outside of the case, or see how third persons may be affected by the application. In *Gordon* v. *Hobart,* 2 Story R. 243, Judge Story said, that the right of appropriation of payments was one strictly existing between the original parties, and no third person had any authority to insist upon any appropriation of such money in his own favor, where neither the debtor nor the creditor had required it."

We are of opinion that, both on principle and authority, the decree, in this aspect of the case, is plainly right.

Subordinate assignments of error were not pressed, and, being without merit, need not be noticed.

For these reasons, the decree must be affirmed.

*Affirmed.*