# CHARLESTON.

RUBY L. BUSKIRK, *Guardian, etc.*, and ALFRED F. ELLIS *et al.* *v.* SARAH P. MUSICK, *Administratrix et al.*

(No. 5402)

Submitted Ocotber 21, 1925.    Decided October 27, 1925.

1.  APPEAL AND ERROR—*Although Only One Party Appeals, if His Rights and Those of Others Are Equally Affected by Decree or Judgment, Appeal Will Call For Adjudication of Rights of Those Not Appealing.*

    Where one party only appeals, but his rights and the rights of others are not only involved in the same question, but are equally affected by the decree or judgment, the appeal of the one will call for an adjudication also of the rights of those not appealing.   (p. 250.)

    (Appeal and Error, 4 C. J. § 3095.)

2.  ESTATES—LIS PENDENS—*Lesser Estates Merged in Greater; if Judgment Debtor, Pending Judgment Creditors' Suit, Acquires Lien or Incumbrance on Lands Proceeded Against, Purchaser, Also Party, Takes Subject to Rights and Liens of Judgment Decreed Against Land.*

    As a general rule, where the greater and lesser interests or estates unite in the same person, the lesser becomes merged in the greater; and if in a judgment creditors' suit the judgment debtor *pendente lite* acquires a lien or encumbrance upon lands proceeded against and acquired by him by will or deed, the lesser estate becomes merged in the greater, and a *pendente lite* purchaser of such lien or encumbrance, who is also a party to the suit, will take subject to the rights and liens of the judgments decreed against the land, or the proceeds of the sale thereof in the cause.   (p. 251.)

    (Estates, 25 C. J. § 233; Lis Pendens, 38 C. J. § 94.)

3.   LIS PENDENS—*If Facts in Record of Judgment Creditors' Suit
     Are Sufficient to Put Pendente Lite Purchaser on Notice,
     Such Notice Dates From Filing of Bill.*

     If the facts in the record of such suit are sufficient to put
     such purchaser upon notice of the rights or claims of such
     judgment creditors, whether they have then been asserted
     or not, such notice will date from the date of the filing of the
     bill by such judgment creditors.   (p. 252.)

     (Lis Pendens, 38 C. J. § 37.)

     (NOTE:   Parenthetical references by Editors, C. J.—Cyc.   Not
              part of syllabi.)

Appeal from Circuit Court, Mingo County.

Separate suits by Ruby L. Buskirk, guardian for Robert
W. Buskirk, second, against Sarah P. Musick, administratrix
c. t. a. of the estate of E. E. Musick, and others, and by Alfred
F. Ellis and another against Sarah P. Musick and others, con-
solidated for trial.   From a decree for defendant, George R.
Buskirk, the National Bank of Commerce of Williamson ap-
peals.

*Reversed and cause remanded.*

*Goodykoontz & Slaven* and *Harry Scherr,* for appellant.
*Poffenbarger, Blue & Dayton* and *Bias & Chafin,* for ap-
pellee.

MILLER, JUDGE:

The decree below was pronounced in two suits consolidated,
upon the petition of George R. Buskirk, a defendant in each
suit, setting up alleged assignments to him by the creditors,
pendente lite, of certain decrees in their favor, the first decree
in favor of Sarah P. Musick against the estate of her late
husband E. E. Musick, for $4420.22, the second, a decree in
favor of Florence Musick and Mattie Musick Ellis, daughters
of said decedent, for $5462.49, and the third, a decree in favor
of Mattie Musick Ellis, for $498.85, and praying that the
special commissioners who made sale of the lands of said de-
cedent and of the said Sarah P. Musick and of several of the
other defendants against whom judgments had been recovered

and reported as liens on their lands respectively, should be required to pay to him instead of to them the amounts decreed them, out of the proceeds of the lands sold, and in the order of priority reported by the commissioner and decreed to be paid to them. The alleged consideration for these several assignments to Buskirk was indebtedness of the several assignors to him for their shares of several judgments and decrees paid by him, recovered against him and them jointly, and reported and decreed in said suits, but standing in such priority as not to be reached by the proceeds of the sale of the land in the hands of said special commissioners.

The first of the two suits was brought by Ruby L. Buskirk, Guardian, for Robert W. Buskirk, second, against Sarah P. Musick in her own rights and as administratrix c. t. a. of the estate of E. E. Musick, and others, the object of which suit was to convene the creditors of said decedent's estate, settle the accounts of the administratrix, and subject to sale the lands of the decedent to pay said debts. The second of said suits was a judgment creditors' suit brought by Alfred F. Ellis and the National Bank of Commerce of Williamson, West Virginia, against Sarah P. Musick and others, also judgment creditors. Among other lands of the judgment debtors which plaintiffs sought to have sold, were the lands devised to Sarah P. Musick by the will of her said husband E. E. Musick. On the day of the sale, after offering the several tracts, some twenty or more in number, separately, and ascertaining the aggregate of the several bids, the tracts were offered as a whole, and were finally knocked down to the defendant and appellee Buskirk at the price of $80,000.00.

The decrees assigned to said purchaser, after the specific lien decreed in favor of Ruby L. Buskirk, Guardian, against certain specific tracts, stood among the first and in equal priority with the decree in favor of said guardian, for $24,-023.33, and T. W. Hatfield, for $2097.40, but subject to the debts of the decedent, against the interest of said Sarah P. Musick in the lands devised to her by her said husband.

So that said judgment creditors' suit had for its object the subjugation of all the lands of the judgment debtors to the satisfaction of their respective judgments. The bill in the

judgment creditors' suit alleged that the plaintiff Alfred F. Ellis, with a judgment recorded against Sarah P. Musick for $1366.68 and costs, and the plaintiff the National Bank of Commerce, with a judgment against said Sarah P. Musick, Rufus M. Musick, Fannie Ellis Musick and G. W. Hatfield, for $4,091.48 and costs, had each sued out writs of fieri facias, which had been placed in the hands of the sheriff and had been returned, no property found upon which to levy the same.

The petition of the appellee Buskirk, asserting superior rights under said assignments, is predicated mainly on the last proviso of section 2, chapter 74 of the Code, inhibiting the giving of preference by insolvents: "Provided, further, that nothing in this section contained shall be taken to affect any transfer of bonds, notes, stocks, securities or other evidences of debt in payment of or as collateral security for the payment of a bona fide debt or to secure any endorser or surety whether such transfer is made at the time such debt is contracted or endorsement made for the payment or security of a pre-existing debt."

The appellant, the National Bank of Commerce, and the First National Bank of Williamson and five others of said judgment creditors answered said petition, denying the rights asserted by Buskirk under said assignments, and alleged that he thereby took no greater rights than his assignors had, and that those rights were subordinate to and subject to the superior equitable and legal rights of respondents, and that the alleged assignment of the said Mattie Musick Ellis of her half interest in the decree in her favor and in favor of Florence Musick for $5462.49, and the one in her individual right for $498.85, were purely voluntary and therefore void and of no effect.

The decree appealed from awarded to Buskirk the relief prayed for; and the correctness of that decree is the question now before us, depending on the relative rights of the parties, at least those of the appellee Buskirk and the National Bank of Commerce of Williamson, the latter being the only party here complaining of that decree. The other respondents to Buskirk's petition have presented no formal petition here,

nor made any formal appearance in this court. The first question presenting itself, then, is, does appellant's appeal bring up for decision the rights of those not appealing? The rule seems to be well settled that when the rights of those not appealing not only involve the same question but are equally affected by the decree or judgment, the appeal by the one will call for the adjudication of the rights of those not appealing. *Bowlby* v. *DeWit,* 47 W. Va. 323; *Allen & Co.* v. *Maxwell,* 56 W. Va. 227, 243; *Rorer's Heirs* v. *Roanoke National Bank,* 83 Va. 589; *Ward* v. *Brown,* 53 W. Va. 227, 235, citing *Vance Shoe Co.* v. *Haight,* 41 W. Va. 282, and *Weekly* v. *Hardesty,* 48 W. Va. 30. In the case here the rights of all parties involve the same question or questions, and all are alike affected by the decree complained of.

The one controlling question, then, is, did Buskirk by purchasing the recoveries of his assignors acquire any greater rights than they had under the decree, or in other words, did his rights as purchaser cut off the rights of the appellant and others to have the proceeds of the sale of the lands of his assignors applied to the payment of their judgments before applying any of those proceeds to the payment of the assigned claims? If at the time Buskirk purchased the claims of his assignors no suit had been brought and pending, the several propositions contended for by his counsel might be pertinent and controlling. But what was the situation here? The appellant and Ellis, judgment creditors of Mrs. Musick and her daughters, had instituted suit in equity to enforce the liens of their judgments against the lands of their judgment debtors, including, in Mrs. Musick's case, the lands which she took by will from her husband. This was a direct proceeding to charge those lands, and to enforce the liens of their judgments. While recoveries made by Mrs. Musick and her daughters in the consolidated causes, at least in Mrs. Musick's case, was in the suit to settle her accounts as administratrix and to sell the lands of the decedent to pay his debts, her recovery constituted an equitable lien on the lands and other assets of the decedent, and this lesser interest thereby became merged in her greater right and title in the lands which she took under the will. When the greater and lesser interests unite

in the same person, the lesser as a general rule becomes merged in the greater. *Kerns* v. *Carr*, 82 W. Va. 78; *Pingley* v. *Pingley*, Id. 228; and this rule applies to encumbrances and estates subsequently acquired. *Kline* v. *Miller*, 107 Va. 453. The judgment creditors' suit therefore constituted a direct proceeding against Mrs. Musick and the other judgment debtors to charge their lands and interests therein with the payment of those judgments. So treated the plaintiffs and those lienors who proved their judgments before the commissioner, acquired superior rights to Buskirk, a pendente lite purchaser of said recoveries; and his rights as such purchaser must be subordinated to theirs.

If we are correct in the foregoing conclusion, then if the suit was sufficient to put Buskirk upon inquiry, whether or not the recoveries purchased by him became merged in the lands devised to Mrs. Musick, whether actually involved or not, the lis pendens dated from the filing of the bill, and is binding upon him. *Rardin* v. *Rardin*, 85 W. Va. 145. We think the facts appearing in the record were sufficient to put Buskirk on inquiry whether the judgment creditors were entitled to priority over the claims purchased by him and might demand satisfaction first out of the money arising from sale of the lands proceeded against. It is practically conceded that upon the pleadings and proofs the court by its decree might have appropriated the money in the hands of its commissioners decreed to Mrs. Musick and others, to the payment of the judgments decreed against them. But at that time it had not been determined by the sale that the proceeds thereof would not be sufficient for all purposes; and it was competent afterwards and before final distribution of the proceeds of sale to apply them as in equity and good conscience they should go; and in decreeing the money to Buskirk on his petition, the court, we think, committed reversible error.

Our conclusion is to reverse the decree and remand the cause.

*Reversed and cause remanded.*