# HANS L. HANSEN *et al.*

*v.*

# RICHARD C. ROUNSAVELL.

1. PAYMENT — *direction as to application implied.* A direction as to the application of a payment may be implied from circumstances. An agreement before payment, or even the expression of a wish on the part of the debtor as to how payment shall be applied, will amount to a direction to that effect.

2. SAME — *instruction as to application.* Where there is evidence tending to show a previous agreement as to the application of payments, an instruction that if the debtor gave no direction as to the application of certain payments, then the creditor had the right to apply them on the oldest account due at the time, is not so faulty as to justify a reversal. It would be better to have used the word agreement than the word instruction.

3. SAME — *application when there is a surety.* Where an obligor makes a general payment to his obligee, to whom he is indebted not only on a bond upon which there is security, but otherwise, the surety of the obligor cannot require that the payment shall be applied to the bond, unless aided by circumstances which show that such application was intended by the obligor.

4. JUDGMENT — *whether sufficiently certain as to amount.* When the verdict in debt upon a penal bond is for the debt and $949.40 damages, and the plaintiff remits $54.50 of the damages, and a judgment for the debt, to be fully satisfied upon the payment of $894.90, the damages assessed by the jury, except amount remitted together with costs, is sufficiently certain, as the exception will be referred to the sum found by the jury and not to the sum of $894.90.

WRIT OF ERROR to the Circuit Court of Cook county ; the Hon. W. W. HEATON, Judge, presiding.

Hans L. Hansen and Anton J. Wulff, on the 5th day of February, 1872, entered into an agreement with Richard C. Rounsavell whereby, in consideration of Rounsavell's having granted to Hansen and Wulff the right to purchase from Rounsavell the Ætna sewing machines for the sale thereof within the county of Cook, in this State, Hansen and Wulff agreed to deal in said machines sold by Rounsavell, and Roun-

savell agreed to furnish machines, and Hansen and Wulff agreed, among other things, to pay Rounsavell for them in cash or approved notes received by them in payment of machines, and guaranteed by them, or their own notes, and to make payments on machines each month, and pay in full each month's purchase in eight months from time of purchase. At the same time, Hansen and Wulff as principals, together with C. A. Walter, George Hansen and S. M. Krognoss, as sureties, executed a bond to Rounsavell in the penalty of $6,000, conditioned for the faithful performance of the agreement on the part of Hansen and Wulff.

This was an action brought by Rounsavell against the principals and sureties in the bond, to recover for sewing machines sold and delivered to Hansen and Wulff, in pursuance of the agreement. The plaintiff recovered and the defendants appealed.

The bill of exceptions recites that plaintiff introduced evidence tending to show an indebtedness on the part of Hansen and Wulff, and that defendants introduced evidence tending to show the contrary; that there was evidence tending to show that divers payments were made by Hansen and Wulff, after the making of the bond and contract, and while the delivery of the machines was from time to time being made, which the defendants claimed the right to apply *pro tanto* to the discharge of the indebtedness for the goods delivered under the bond and contract, and introduced evidence tending to show that there was a special agreement that the payments so made should be applied first for the goods delivered under the contract and bond, and that the balance should go on a former indebtedness, which Hansen and Wulff owed the plaintiff; that this special agreement was denied by the plaintiff, who testified that no such agreement existed, and that such payments were applied to an old debt, then over due, at the time they were made; that plaintiff also offered evidence, tending to show that nothing was due him upon the contract sued upon in this case, at the time such payments were made.

The following instruction was given for the plaintiff:

The jury are instructed that if they believe, from the evidence, that Hansen and Wulff gave no direction as to the application of the money or property received from them by R. C. Rounsavell, then Rounsavell had a right to apply such payments to the oldest account at the time due from said Hansen and Wulff.

Messrs. HERBERT & QUICK, for the plaintiffs in error.

Mr. CHARLES B. WELLS, for the defendant in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The question made is, on the propriety of the instruction which was given for the plaintiff. It is objected to it, that it withdrew from the jury the question of the agreement; that it assumed that there was no agreement for the application of the payments, or if so, that it was of no importance; that there must have been a *direction*, to be of avail.

We are of opinion that appellant in his objection attaches undue force to the word " direction." We apprehend that the expression of a wish on the part of a debtor how a payment should be applied, would amount to a direction to that effect. A direction might be implied from circumstances. In the making of an agreement for the application of the payments, there would have been the expression of an intention and purpose on the part of Hansen & Wulff that the payments should be thus applied.

An agreement between creditor and debtor for a particular application of a payment must include an implied direction on the part of the debtor as to the application.

Had there been an agreement between the parties as to the application of the payments, we cannot think that the jury could have been misled by the instruction to think that such an agreement alone would not suffice, but that, in addition thereto, the debtors must have given an express direction how to make the application. We think they could not but have considered

an agreement as amounting to a direction. As there was nothing in regard to the subject but an agreement, the instruction would have been better if it had used the word agreement, instead of direction. But we cannot regard it so materially faulty as to require that the judgment should be reversed on account of such instruction. The case cited in support of the objection (*Taylor* v. *Sandford*, 7 Wheat. 20) is not in point.

There, the instruction was to find for the plaintiff, unless " the defendant at the *time* of paying the money had *expressly* directed " its application to another simple contract debt. The instruction was held wrong, as it would exclude an application of the money made by the creditor himself, with the assent of the debtor, to the simple contract debt. The requirement of an *express* direction at the *time* of payment makes a very different case.

In the absence of any appropriation by the debtor, the right of the creditor to appropriate the payment to the earlier debt, and the propriety of doing so, is undoubted. *Sprague, Warner & Co.* v. *Hazenwinkle*, 53 Ill. 419; *Mills* v. *Fowkes*, 5 Bing. N. C. 455.

But it is claimed that if there was no agreement for the appropriation, then the circumstance of there being sureties for one debt should control the application in protection of the sureties to that debt. But we understand the general rule to be otherwise, and that it is the creditor's right in such case to have the payment applied to the debt which is the most precarious, where there is nothing to control this application. 2 Pars. on Con. 631, 632. We recognize the rule as stated by that author, as follows: But where an obligor makes a general payment to his obligee, to whom he is indebted not only on the bond but otherwise, the surety of the obligor cannot require that the payment should be applied to the bond, unless aided by circumstances which show that such application was intended by the obligor. Ibid. 634.

There is nothing in the point made that the judgment is uncertain as to amount

31—74TH ILL.

The verdict was, debt $6,000; damages assessed at the sum of $949.40. The judgment entry is, " And the plaintiff remits from the amount of damages assessed the sum of fifty-four dollars and fifty cents, and thereupon the court enters judgment against all the defendants for $6,000 debt, to be fully satisfied upon the payment of eight hundred and ninety-four dollars and ninety cents, his damages aforesaid by the jury assessed except amount remitted," together with costs. The exception plainly applies to the damages assessed by the jury and not to the sum $894.90

Finding no substantial error, the judgment is affirmed.

*Judgment affirmed.*