## Richmond.

### STRAYER v. LONG'S EX'OR ET ALS.

December 15th, 1892.

1. JUDICIAL SALE—*Bond.*—Where three commissioners were decreed to sell debtor's real estate, the decree providing that those giving the bond might sell alone, the sale is valid by two commissioners, one of whom gave the bond, though the third died before the sale was advertised.

2. IDEM—*Redemption.*—Where the decree allows ninety days for redemption, and the commissioners advertised before the expiration of that period, but one hundred and three days elapsed before the sale, and neither the debtor nor his creditors could have been benefitted by a further delay—

HELD:

No ground for setting aside the sale.

Appeal from decree of circuit court of Shenandoah county, in proceedings by Joseph B. Strayer against M. Long's executor and others, plaintiff's creditors, to set aside sale of real estate made under a former decree. Court below confirmed the sale, and plaintiff appealed to this court. Opinion states the case.

*W. L. Yancey* and *J. E. Roller*, for appellant.

*Walton & Walton*, for appellees.

HINTON, J., delivered the opinion of the court.

By a decree entered in this cause on the 9th day of April, 1889, which was affirmed *in solido* by this court on the 9th

day of January, 1890, (see 86 Va. Rep., p. 557,) it was adjudged, among other things, that certain real estate, which has been the subject of controversy for a number of years, should be sold ; and that the value of Mrs. Strayer's contingent right of dower in said lands was the sum of $1,738.77.

Acting in pursuance of this decree, the said lands or farms were sold on the 1st day of March, 1890, by M. L. Walton and Geo. R. Calvert, the two surviving commissioners, the other commissioner, H. C. Allen, having previously died. This action of the commissioners was duly reported and confirmed by the circuit court of Shenandoah county, in a decree rendered on the 4th day of April, 1890.

And it is this last-mentioned decree which is now assailed, on three grounds.

And, first, it is argued that one of the commissioners having died previously to the 24th day of January, 1890, the day the advertisement of sale first appeared, no valid sale could be effected by the surviving commissioners. But, however this may be ordinarily—a point upon which we express no opinion now—it is perfectly clear that there is no room for any such contention in this case, for the reason, that the decree clearly contemplates that the commissioner giving the bond might sell alone, and it is manifest that his action could not be invalidated by his merely joining his co-commissioner with him in the advertisement and report made to court.

It is next insisted that the acting commissioners did not wait for the ninety days allowed for redemption by the decree of 1889, to expire, *before advertising* the said lands for sale.

This, however, if, for the sake of argument, we admit it to be an irregularity which should prevail in certain cases, ought not to prevail here. For the appellant, as a mere calculation of the time from the rendition of the decree of 1889 to the day of sale, exclusive of the time the cause was pending in this court, will show, had 103 days within which he might have

redeemed his land, and our knowledge of the record justifies us in saying that his failure to redeem it proceeded from inability, and not from lack of time, and it certainly appears that neither he nor his creditors could possibly have been advantaged by further delay.

As to the last objection, that the property was not advertised to be sold free from dower, we think it is immaterial, as, from the failure to except, the appellant is precluded from showing by extraneous evidence—which we believe could not be done—that the property sold for less than its value, and such does not appear to be the case on the face of the proceedings.

On the whole we find no error in the decree complained of, and the same must be affirmed.

DECREE AFFIRMED.