Statement.

# 𝔖𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

POPE v. TRANSPARENT ICE COMPANY AND OTHERS.

JANUARY 31, 1895.

1. APPLICATION OF PAYMENTS—*Rights of Surety.*—Where a debtor makes a payment he has the undisputed right to make such application of it as he sees fit. If he fails to exercise his right, the creditor may then make the application, and if neither makes the application it becomes the duty of the court to so apply the payment as a sound discretion may, under the circumstances, dictate. And in the exercise of this discretion the interest of the debtor and the creditor are alone to be considered. Even sureties have no advantage in this particular over others.

2. APPLICATION OF PAYMENTS BY THE COURT.—Where a creditor has two claims against the same debtor, the one secured and the other not, and a payment has been made which neither the debtor nor the creditor has applied, and the court is called upon, in the exercise of its discretion, to make the application, and there is no other fact or circumstance upon which the court can lay hold to guide and direct its discretion, the payment must be appropriated to that debt which is least secured.

Appeal from a decree of the Circuit Court of Roanoke county pronounced at April term, 1894.

*Reversed.*

The Transparent Ice Company of Roanoke city purchased a lot in the city of Roanoke on which to erect its plant. It paid part of the purchase money in cash, and gave a deed of trust on the lot to secure certain deferred payments. The deed provided that, in case of sale, if there was a surplus after paying the debt secured and expenses, the surplus should be payable at such time and secured in such manner as the grantor might prescribe, or, upon his failure to give directions, as to the trustee might seem proper. Subsequently, the company

purchased machinery of the Richmond Ice Machine Company, paid part cash, and gave its notes for the deferred payments. The Richmond company retained the title to the property sold by it, and this was written across the face of the notes given by the Transparent Ice Company. At a later date the Transparent Ice Company gave a deed of trust on its *real and personal* property to secure the notes due for the deferred payments on the machinery. This deed constituted the second lien on the plant. Several of these notes were renewed once or twice, and curtails were paid on some of them, and the notes themselves transferred to various holders. The appellant became the holder of two of them.

Default having been made in the payment of certain of the notes, the trustees under each of the deeds of trust advertised the property for sale. The Transparent Ice Company thereupon filed its bill in the Circuit Court of Roanoke county against the trustees and the creditors secured to enjoin the sale.

The bill sets forth several grounds for the injunction, but the most material was that the amount of the debts secured was not definitely fixed, and the rights of the respective creditors were not ascertained; that it was very doubtful how the money arising from the sale should be applied; and that creditors did not know their rights, and the property was in danger, from this cause, of being sacrificed. The injunction was awarded.

The subsequent proceedings sufficiently appear in the opinion of the court.

*John Dunlop*, for the appellant.

*James Caskie*, and *Scott & Staples*, for the appellees.

The doctrine of the application of payments does not apply to this case for two reasons:

1. The doctrine is never invoked for the application of pay-

ments *yet to be made* of funds on hand; but only for the application of payments already made and not applied. *Lingle* v. *Cook*, 32 Gratt. 264. Here the fund is in hand under a judicial sale, there has been no application, and the debtor has had no opportunity to give his direction; but the court is asked to make an application.

2. The application was directed by the deed of trust when it was executed. Both notes were equally secured by the deed of trust. If this is an *express* direction it must control; if there is no express direction, then the case is controlled by sec. 2442 of the Code, which declares that where the deed creates no priority, the proceeds shall be applied *pro rata* among all the debts secured.

Let it be admitted, however, for the sake of argument, that the doctrine of the application of payments applies to this case, and that all the contentions of the appellees heretofore made are untenable; nevertheless, there can be no error in the decree of the court below of which the appellant can complain.

If there be nothing in the case but the question of the order of the maturity of the notes, the rule as settled in Virginia is that the payments should be applied to the notes in the order of their maturity. In the case of *Ross' Ex'r* v. *McLaughlan's Adm'r and others*, reported in 7 Gratt. 86, it was held that "a debtor by four bonds payable at successive periods, makes payments to his creditor, which, upon a settlement after the death of the debtor, are ascertained to amount to more than is sufficient to discharge the first bond. The creditor will not be permitted to apply the amount remaining after discharging the first bond as a credit upon the fourth; but the court will apply it to the second bond in relief of a party bound as surety for the amount of the second bond."

Keith, P., delivered the opinion of the court.

The Transparent Ice Company conveyed certain property by

deed of trust dated February 13, 1891, to J. A. Dupuy, to secure three notes of the Richmond Ice Company, for $2,778.06 each, payable at the First National Bank of Roanoke, Va., in four, six, and nine months, respectively, from date, with interest from date. The trust creates no priorities as to these notes, but the note falling due at four months, having been first negotiated, became thereby entitled to priority of payment when the property was subsequently sold upon a decree in this cause. There remained after the payment of this note the sum of $1,432.82. When the property was advertised for sale, the Transparent Ice Company procured an injunction for reasons stated in its bill, and the trustee and creditors under this deed, and certain other prior lien creditors, were made defendants, and such proceedings were had that the property of the plaintiff was sold, and the proceeds proving insufficient to pay all its debts, this controversy arises as to the proper application of a payment upon the two notes secured in the deed of trust, payable at six and nine months. In these two notes the Richmond Ice Company was payee, and afterwards endorsed them to the present holder, the appellant. At maturity, the first note was duly protested, and the liability of the Richmond Ice Company, the endorser, was thereby established. When the second note fell due, the appellant, for some reason, failed to have it protested, and the endorser was thereby discharged. It is contended, upon the part of John Pope, the appellant, that the whole of the sum of $1,432.82 should be appropriated to the unsecured note, while upon the part of the Richmond Ice Company, it is claimed that the whole of that sum should be applied to the note upon which it is bound as endorser. The Circuit Court referred the case to a commissioner, to ascertain the lien; and the commissioner returned a report in which he places the debt held by the appellant, evidenced by the two notes, in the same class, finding that there was no priority between them; and

that report was confirmed by the decree of the Circuit Court, which is now sought to be reviewed here.

There are certain undisputed principles of law applicable to the subject of the appropriation of payments, which I shall state without referring to authorities to support them, as they are universally accepted.

The first is where a debtor makes a payment, he has the undisputed right to make such application of it as he sees fit.

If the debtor fails to exercise his right, the creditor may then make the application, and if the power be exercised by neither, it becomes the duty of the court to make it, and in its performance a sound discretion is to be exercised. It is said that the interest of the debtor and the creditor only are to be considered, and none others have any right to insist on the mode in which the payments shall be appropriated. In *Gordon* v. *Hobart*, 2 Story, 243, Judge Story said that the "right of appropriation of payments was one strictly existing between the original parties; and no third person had any authority to insist upon any appropriation of such money in his own favor." To the same effect, see *Coles* v. *Withers*, 33 Gratt. 186. Even sureties, so much favored by the courts in many respects, enjoy in this particular no advantage over others. The Supreme Court of Connecticut in case of *Stamford Bank* v. *Benedict*, 15 Conn. 437, declares that " a surety of a debtor has no voice in the appropriation of payments made by the debtor." "The debtor and crditor have the sole right of controlling the payment, and the doctrine that sureties will be favored in the construction and enforcement of contracts has no application in such a case. To do so would be to defeat the object and end of suretyship, and to hold that the surety might have the money which was paid by the debtor so applied as to leave the creditor a loser notwithstanding his care and vigilance." And this seems to be the general current of judicial opinion. In the case just cited, the court held that to

allow the endorser to direct the application of the money would be inequitable, and that neither the debtor nor creditor having exercised their privilege, the court would apply it to the most precarious debt.

These may be considered cardinal rules by which courts are governed in the exercise of their discretion. Subordinate to these are certain minor rules by which the courts are influenced when neither the debtor nor the creditor have exercised their unquestioned right in making application of the payment in controversy. As was said by this court in the case of *Chapman* v. *Commonwealth*, 25 Gratt. 721, 751: "Where there are no other circumstances upon which the court can lay hold, it will apply the payment to the debt oldest in point of time." As said by the same court in *Coles* v. *Withers*, 33 Gratt. 186, 203–4: "The general rule subject to exceptions is, where there are two debts, the one secured and the other not, the court will apply the payment to the debt for which there is no security, and the reason given is that without such application, the creditor will lose part of his debt." And the court further says, "that this rule is sustained by the uniform current of authorities all over the country." Now, in this case, the deed of trust creates no priorities among the debts secured, and the debts, though falling due at different dates, came into existence at one and the same time. The debtor has made no application of the money under the control of the court, nor does it appear that it has the slightest interest in the disposition which the court may make of this question. Its only interest is to see that its property, or the proceeds of it, is applied in accordance with the trust which it created upon it, and it is one and the same thing to the Transparent Ice Company, whether the whole of this disputed sum shall be appropriated to the note due in six months, or to the one due in nine months, or shall be equally divided between them as was

Opinion.

done by the decree appealed from. Nor does it appear that the creditor, the appellant here, has exercised, or that he has been in a position to exercise the right of appropriation which devolves upon him, his debtor having failed to give any direction upon the subject. Unlike the debtor, however, he is vitally interested in the decision of the question. Upon the note due at six months, as has been before stated, he holds the Richmond Ice Company as endorser, while the note due at nine months is wholly unsecured, except by the deed of trust before referred to. The case then is before us stripped of all the circumstancs and facts upon which courts have usually laid hold to aid their discretion in the application of payments, where that duty has been imposed upon them by the failure of both debtor and creditor to exercise their confessed rights, save that upon one note there is an endorser, while the other is wholly unsecured except by the deed of trust. It is believed that this question has not hitherto been thus presented in this court. In all the reported cases there has been some other fact, sufficient to influence the decision. Elsewhere, however, it seems to have arisen frequently.

There is some diversity of authority, as courts have inclined to the common law rule that the application was to be made, where not otherwise directed, in the interest of the creditor, or to the rule of the civil law, that, under such circumstances, regard was to be had primarily to the interest of the debtor.

The great weight of authority seems to be that in such a case as that now under consideration, where the court has no peculiar fact to aid its discretion, the application must be made to that debt which is least secured, or in other words, in the interest of the creditor; and this seems to have been the principle of *Chapman* v. *Commonwealth*, 25 Gratt. 721, where it was applied to the oldest debt, and the law as recognized in *Coles* v. *Withers*, where it is said that, in such a case, it should be applied to the least secured or most precarious debt.

Judge Gibson says, in *Harker* v. *Conrad*, 12 Serg. and R. 301, 305: "Where neither party has exercised it, the law nevertheless presumes, in ordinary cases, that the debtor intended to pay in the way which at the time was the most to his advantage," but here, as we have seen, the debtor has made no application, and can have no sort of interest in the decision of the question by the court." "Where, however," Judge Gibson goes on to say, "the interest of a debtor could not be promoted by any particular appropriation, there is no ground for a presumption of any intention on his part, and the law then raises a presumption, for the same reason, that the payment was actually *received* in the way that was most to the advantage of the creditor."

In the case of *Mathews* v. *Switzler*, 46 Mo. 301, 303, the court says: "The substantial question here is: shall the original creditor, who holds all the notes, have the full benefit of all the securities which he took for his own protection? He was not satisfied with the security of the deed of trust, and therefore required an additional name upon one of the notes. * * * In the meantime he has surrendered no security, and done nothing to prejudice the right of the surety upon the note." There it seems that, so far from the court applying the payment so as to exonerate the surety, the fact that one note was made secure by the addition of a surety's name was the reason which determined the court to apply the payment to the unsecured debt. Where a creditor has two claims against the same debtor, the one secured and the other not, upon a payment being made the court will apply it to the debt for which no security was taken. And Munger on Application of Payments lays it down as law that the holder of different notes, secured by deed of trust, may apply the entire proceeds of the sale under the deed to the payment of those last maturing, and will not be prevented thereby, either in law or equity, from obtaining judgment against a surety on the note first

falling due, and which was the only note endorsed.  And the same conclusion is stated in 18 Amer. and Eng. Ency. Law, page 251.

I am therefore constrained to the conclusion that, in accordance with the preponderance of decisions in other states, and the law as recognized by this court in the case of *Coles* v. *Withers*, 33 Gratt. 186; and *Smith* v. *Lloyd*, 11 Leigh, 512, where neither the debtor nor creditor has applied the payment, and the court is called upon in the exercise of its discretion to make an application of it, and there is no other fact or circumstance upon which the court can lay hold to guide and direct its discretion, the payment must be appropriated to that debt which is least secured, and that, therefore, the Circuit Court of Roanoke county should have appropriated the whole of the sum in dispute to the note of the Transparent Ice Company falling due at nine months from the date thereof, instead of distributing the money between the two notes, and for this error the decree complained of must be reversed.

REVERSED.