# CASES

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1912.

Joseph Halsted, Appellee, v. Richard A. Griefen, Appellant.

### Gen. No. 16,431.

1. PAYMENT—*application.* In general a guarantor cannot control the application of a payment by either the debtor or the creditor.

2. SURETYSHIP—*surety bound by application of payments.* The guarantor of part of an account is bound by the application of payments made as between the debtor and creditor.

3. PAYMENT—*application.* Where payment of an account for certain construction work is guarantied, but payment for extra work is not included, a payment which is credited on the account for extras, when no amount appears on the debit side of that account, must be applied on the guarantied account, though the evidence tends to show that certain extra work was not paid for, but does not show that it was then due.

4. PAYMENT—*application.* On payment to a creditor without directions as to its application the creditor may apply it to either a guarantied or an unguarantied account.

5. PAYMENT—*change of application.* After a payment has been applied by a creditor who has an unguarantied and a guarantied account, it cannot be changed without the consent of the parties.

Appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in this court at the

(551)

March term, 1910. Reversed. Opinion filed October 7, 1912. Rehearing denied October 21, 1912.

SCHMITT & WISE, for appellant.

RUSH & HOLDEN, for appellee.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

The facts in this case are practically uncontroverted and are substantially as follows: The appellant entered into a contract with the government to construct a post office building at New Brunswick, New Jersey. He thereupon made a sub-contract with the appellee to do certain of the structural iron work on said building for $2,788.00. Subsequently the government declared its said contract with the appellant forfeited and entered into a contract with the Merrick Construction Company of New York to construct the said building. The appellant, being obligated to appellee under their said contract for certain structural iron work, requested the appellee to do said work for the Merrick Construction Company, to which appellee agreed upon the appellant guaranteeing all payments thereunder. The appellee completed the work as provided by said contract in October, 1903.

In addition to doing the work for the Merrick Construction Company as provided by the said contract, the appellee made another contract with the Merrick Company, whereby he agreed to erect iron fences, etc., for $1,545.00, and he also furnished to said Merrick Company certain extras amounting to about $400.00, which work was completed by November 15, 1903. The said amounts to be paid under the fence contract and for extras were not included in the appellant's said guarantee. The appellee introduced in evidence his books showing all these transactions entered therein under one account with the Merrick Company as follows:

Halsted v. Griefen, 173 Ill. App. 551.

(Page 290)
## MERRICK CONSTRUCTION CO.

| 1903 | | | | | 1903 | | | |
|---|---|---|---|---|---|---|---|---|
| May | 29 | Mdse. | c | 2,225.00 | May | 9 | Cash | 77.00 |
| June | 30 | Mdse. | c | 563.00 | May | 16 | Cash | 60.00 |
| July | 8 | Mdse. | ex | 51.29 | May | 23 | Cash | 70.00 |
| Sept. | 30 | Mdse. | ex | 108.05 | May | 29 | Cash | 60.00 |
| Sept. | 30 | Mdse. | ex | 12.80 | June | 13 | Cash | 19.00 |
| Sept. | 30 | Mdse. | ex | 8.50 | June | 15 | Cash | 20.00 |
| Sept. | 30 | Mdse. | ex | 12.00 | June | 20 | Cash | 100.00 |
| Sept. | 30 | Mdse. | ex | 25.18 | June | 25 | Cash | 50.00 |
| Sept. | 30 | Mdse. | ex | 25.68 | July | 22 | Cash | 500.00 |
| Nov. | 20 | Mdse. | ex | 1,545.00 | July | 30 | Cash | 250.00 |
| Nov. | 14 | Mdse. | ex | 169.82 | Nov. | 16 | Cash extra | |

Nov. 16 Cash extra
(P.O.Bldg.) 700.00
Sept. 19 Cash extra
23.00 40.00
Sept. 26 Cash extra
49.00 70.00
Oct. 3 Cash extra
50.00 60.00
Oct. 10 Cash extra
67.75 cont.
12.25 80.00
Oct. 17 Cash 35.10 60.00
Oct. 23 Cash extra 70.00
Oct. 31 Cash extra 100.00
Nov. 7 Cash extra 35.16
Nov. 13 Cash extra 60.00
Balance to page 280 2,265.16

$4,746.32          $4,746.32

(Page 280)
## MERRICK CONSTRUCTION CO.

1904                         1904
Feb. 1 Balance from Feb. 15 Cash contract $ 500.00
      290   2,265.16
              Feb. 27 Cash extra 1,100.00
              1905
              April 1 Inv. freight 70.00
In the account on the books the letter "c," the ab-

breviation "ex" and the words "extra" and "extra P. O. Bldg." were pencil memoranda.

In reply to appellant's request for a statement of the account the appellee under date of December 8, 1903, wrote appellant, saying in substance that the work was completed by the middle of November, complaining that he had not been paid and urging the appellant as a guarantor of the account to see that prompt payment was made of the same; also enclosing the account itemized down to that date, showing a total debit of $4,746.32 and the cash payments thereon, amounting to $2,481.16, leaving the balance of $2,265.16 due thereon. In this statement to appellant the letter "c," the abbreviation "ex" and the words "extra" and "extra P. O. Bldg." appearing in pencil on the account in the appellee's books, were omitted. The appellee testified they were made simply as memoranda and he "would not transcribe the memorandums on these accounts in sending them out." The appellant testified that he secured the payments to be made by the Merrick Co. of $700 of November 16, 1903, $500.00 of February 15, 1904, and $1,100.00 of February 27, 1904. The appellee testified that he did not know the appellant had caused the said payments to be made. No directions were given appellee as to the application of any payments except the payment of $500.00 of February 15th. The cause was submitted to a jury, who found the issues for the plaintiff and assessed his damages at the sum of $769.98, and judgment was entered on the verdict.

The appellant contends that under the law and the evidence the court should have instructed the jury that there could be no recovery. The correctness of that contention depends upon the determination of the law as to the application of payments on the facts as stated.

It seems to be agreed by counsel that the general rule is that a debtor has the right to control the application of his payments, but if he does not make ap-

plication thereof, the creditor has the right to apply them to any demand then due and payable that he may desire.    Another general rule is that a guarantor can not control the application of a payment by either the debtor or the creditor.    Hansen v. Rounsavell, 74 Ill. 238; Munger on the Application of Payments, p. 75, and 30 Cyc. 1251, and cases cited in each of said authorities.    The appellant, as guarantor, having no right to control the application of the payments, is bound by the application thereof as between the appellee and the Merrick Construction Co.

On an examination of the said account introduced in evidence, upon which the appellee relied to prove his case, it will be seen that November 15, 1903, there was charged against the Merrick Construction Co. a total of $3,201.32, and the total of the credits was $1,781.16. The first two debit items were those guaranteed and amounted to $2,788.00.    The other items were for extras and amounted to $413.32.    The credits consisted of items amounting to $1,346.65, admitted to have been applied to the guaranteed account; the other credit items were against extras and amounted to $434.51, including the item of $35.10 claimed by appellee in his testimony in payment of an extra.    It thus appears that there was then credited for extras, allowing the credit of $35.10 as claimed, $21.19 more than charged for extras.    The account then showed all the extras paid and a balance of $1,441.35 unpaid on the guaranteed items, not considering the question as to the said $35.10 or the over credit on the extras of $21.19.    On November 16, 1903, a payment of $700 was made by the Merrick Co., which in some way unexplained was entered on the account between the July and September credit entries.    This $700.00 was credited by the appellee for extras.    At that time there was no charge on the debit side of this account for extras to which it could be applied, and the only debit entry it could be applied upon was the unpaid balance of $1,441.35 of the guaranteed items.    The crediting of this pay-

ment in this account by the appellee necessarily applied on the only amount appearing on the debit side of the account. In answer to this the appellee contends that the evidence shows all the work termed extra was then completed, and this payment was therefore properly credited upon the same. While the evidence tends to show that the work had then been completed as appellee contends, yet we find no evidence, and none is pointed out by counsel, that the payment for said extra work was then due. Even if this $700.00 credit could be held in abeyance, to be applied upon the subsequent debit entry of $1,545.00 of November 20th, which we doubt, it certainly could not be so held under the circumstances without proof that said $1,545.00 was then due and payable. Munger on the Application of Payments says on p. 48 that a creditor cannot apply a payment to a debt not then payable if there be another then due, nor retain the payment in his hands to apply on a future indebtedness, leaving a prior demand unpaid, and cites authorities in support thereof. Applying the said $700.00 to the payment of the said $1,441.35 balance on the items guaranteed, leaves a balance of $741.35. Subsequently a payment of $500.00 was made, with directions to apply same on the account guaranteed, and was so applied, leaving a balance of $241.35 unpaid. On February 27, 1904, the appellee was paid $1,100.00 by the Merrick Co. without any directions as to its application. The said account shows that the same was credited by the appellee to apply on the said extra work. He undoubtedly had the right to make such application, and had he done so, we could not, under the law, have denied him that right. The fact is he applied $401.69 of the said $1,100.00 on the account guaranteed by the appellant. The appellee so testified and his books containing an account, kept by himself, of the appellant's guarantee of the said Merrick Co. contract so showed, and also a statement rendered by him to appellant, all in evidence, showed the application of said $401.69 to

the account guaranteed by appellant, and same is not controverted. After a payment has once been applied, it can not be changed without the consent of the parties. Miller v. Montgomery, 31 Ill. 350; U. S. Rubber Co. v. Peterman, 119 Ill. App. 610, and 2 Am. & Eng. Ency. of Law (2nd ed.) 471, and authorities there cited. The amount thus applied more than paid the then balance of the amount guaranteed by appellant, and there was therefore no right of recovery and the court should so have instructed the jury.

The judgment is reversed.

*Reversed.*