## Richmond

HALL'S ADMINISTRATOR & OTHERS V. WHITE & OTHERS.

March 13, 1913.

1. DOWER—*Beneficial Interest of Husband in Land—Surplus.*—A husband who buys land and pays only a part of the purchase price is beneficially interested only in the surplus of the proceeds of the sale of the land after the prior lien thereon has been paid, and his widow is dowable only in this surplus.

2. TRUSTEES—*Improvements—Application of Rents, Etc.*—Trustees invested with general powers of control and management of real estate have the right to apply rents and the proceeds of the sale of ties, timber, or bark taken from the land to the payment for improvement put upon the land.

3. PAYMENTS—*Application.*—If a debtor making payments does not direct their application, or there is no agreement between the parties in interest as to how they are to be applied, the creditor receiving them may make the application. If neither party makes the application, then a court of equity will apply the credits to the creditor's most precarious debt.

4. APPEAL AND ERROR—*Record—Statement Annexed to Petition for Appeal.*—A statement of costs in the trial court attached to a petition for an appeal to this court is no part of the record, and hence cannot be considered by this court.

5. APPEAL AND ERROR—*Decree to Sell Land—Failure to Give Day to Redeem—When Harmless.*—A decree for the sale of land which fails to give the defendant a day in which to redeem, even where he is entitled to such day, will not be reversed for that reason, where it does not appear that the question was raised in the court below and the record does not show that he was in any way prejudiced thereby, and the fair inference from the record is that he was not, and could not have been, thereby prejudiced or injured.

Appeal from a decree of the Circuit Court of Buckingham county. Decree for the defendants. Complainants appeal.

*Affirmed.*

The opinion states the case.

*F. C. Moon,* for the appellants.

*A. B. Dickinson* and *A. L. Holladay,* for the appellees.

CARDWELL, J., delivered the opinion of the court.

This is a second appeal to this court in this cause. For a statement of the pleadings in the case, the facts proven therein, and the proceedings had thereon in the trial court, we refer to the opinion of this court on the former appeal, 113 Va. 427, 74 S. E. 212.

W. E. Hall died before the entry of the final decree of the circuit court reviewed by this court on the former appeal, which settled the dower rights of his widow, Della M. Hall, and the rights of Emily E. Hall, his infant daughter, in the tract of 438 acres of land, the subject-matter of the controversy; and by the decree of this court reversing the decree appealed from, the cause was remanded to the circuit court for a sale of the land, "to meet the liens and charges established thereon by this decision, including the commuted dower of the widow of W. E. Hall in the surplus of the purchase money, after deducting the amount of payments made by H. M. White on the original purchase, with interest, which amounts constitute a paramount charge to the dower right of the widow in the land. If there should be a balance of purchase money after satisfying the enumerated demands upon the same with costs of suit, such balance shall be decreed to Emily E. Hall."

The appellee, H. M. White, having prevailed in this court, the said decree reversing the decree of the circuit court and remanding the cause, of course, awarded costs in his favor, recoverable out of the funds, if any, under the control of the court applicable to their payment, and

if no such funds, then recoverable from the appellees; assets, if any, of W. E. Hall in the hands of his administrator being first liable therefor.

It was also ascertained and decided on the former appeal that when the land, which is the subject-matter of this litigation, was purchased in 1892, the deed therefor, with the knowledge and assent of W. E. Hall, was made to H. M. White, as trustee for W. E. Hall, whereby a trust relation was created between White, as trustee, and his *cestui que trust;* that W. E. Hall only contributed one-half of the cash payment, $734, and until the commencement of this litigation in 1902 neither paid nor offered to pay any part of the deferred payments of the purchase money, amounting to $1,466, which was payable at one and two years, in equal instalments, bearing interest from June 1, 1892, and secured by a contemporaneous deed upon the land, but the whole of these deferred payments, as well as one-half the cash payment for the land, were paid by H. M. White; nor did W. E. Hall assert any claim against White, either with respect to the land or the rents and profits received therefrom, or for timber, ties and tan-bark cut therefrom, or demand of White an accounting as trustee or otherwise; that after the bulk of the timber, etc., had been cut and removed with the tacit consent of W. E. Hall, the land was lying out in an uncultivated condition, unfenced and unimproved, with the exception of two dilapidated and abandoned cabins, and was wholly unproductive for agricultural purposes; that in these circumstances White took possession of the land, and by intelligent management and industry and the expenditure of large sums of money in labor and fertilizers, gradually from year to year transformed this wild land into a well-equipped and profitable farm; and that, in addition, White expended $200 in fencing, and erected outhouses and dwelling houses at a cost of over $2,000, so that by these means this property,

which was of trifling value, had become of considerable value and estimated to be worth over $6,000.

The court having on the first appeal settled the principles upon which an account should be stated between H. M. White, trustee, and the estate of his *cestui que trust,* W. E. Hall, and the cause having been remanded to the circuit court for further proceedings to be had therein in accordance with this court's opinion, the circuit court, upon a statement of account made at bar and considered as being in accordance with the opinion of this court, ascertained and determined that the balance due H. M. White was three thousand six hundred and twenty-four dollars and eighty-three cents ($3,624.83), with interest thereon; and by the decree now under review established this debt due to White as an equitable lien upon the tract of land in question, "to be paid out of the proceeds of the sale thereof to White in preference and prior to any and all claims of said W. E. Hall and those claiming by, through or under him, including the dower rights of his widow, Della M. Hall." The court further, upon the said statement of account made at bar, the report of its receiver as to the rents collected by him from the land involved in the litigation and other data before it, directed the application of the funds under the control of the court to the payment of costs to H. M. White, which had been ascertained to be due to him, and decreed a sale of the land by commissioners appointed for the purpose, the sale to be made under conditions and upon terms prescribed in the decree.

The appellants, F. C. Moon, administrator of W. E. Hall, deceased, Della M. Hall and Emily B. Hall, in their petition for this appeal and assignments of error made therein, do not appear to complain of the calculations contained in the statement made at bar and upon which the decree appealed from is based, except as to costs, but their complaint is of the principles on which those calculations are made.

In other words, their contention is that the circuit court in its decree erred in placing the whole of White's claim against the trust subject, including his claims for improvements, fencing, etc., and for one-half of the debt paid by him to Leake and Company, prior to the dower rights of appellant, Della M. Hall.

The matters involved in this contention were considered by this court on the former appeal in this cause, and in the opinion then handed down it was carefully and succinctly stated what items and the amount thereof should be charged against White in an account to be stated between him, as trustee, and the estate of his *cestui que trust,* W. E. Hall, and with what items and the amount thereof he should be credited in that account; and among the items directed to be credited to White, trustee, in the account were those for fencing and permanent improvements on the land constituting the trust subject, and one-half of the Leake and Company debt paid by White. *White* v. *Hall, supra.*

The decision of this court was in accordance with the established rule that in such cases the husband's beneficial interest is only in the surplus of the proceeds of a sale of the land after the liens and charges thereon have been discharged, and that the widow is dowerable only in this surplus. *Braxton* v. *Coleman,* 5 Call. (9 Va.) 433, 2 Am. Dec. 592; *Wilson* v. *Davisson,* 2 Rob. (41 Va.) 384; *Heth* v. *Cocke,* 1 Rand. (22 Va.) 344; *James* v. *Upton,* 96 Va. 296, 31 S. E. 255.

By that decision all the "liens and charges" established against said land in favor of White were made paramount to the widow's dower therein, the result being that the widow, Della M. Hall, was allowed dower in the whole of the proceeds of sale of the land remaining after deducting the amount of payments of purchase money made by White, including the payment on the Leake and Company debt

and the cost of improvements put upon the land by White, with interest. The decree of the circuit court carrying out the decision of this court, and of which complaint is now made, conforms to that decision as to White's priority of liens on the land over the dower rights of Della M. Hall therein, and is without error in this respect.

In this connection, however, it is argued on behalf of the appellants that all of the rents, ties, lumber and bark gotten from the land with which White is charged should be credited to and deducted from the amounts of purchase money paid by him, thus materially increasing the amount in which Della M. Hall would be entitled to dower.

From the best investigation that we have been able to give the voluminous record with the former appeal, it very clearly appears that the rents charged against H. M. White were largely theoretical, if not in fact purely conjectural; but be that as it may, it is a fair presumption from all the facts and circumtsances of the case, that whatever rents he may have actually received, or proceeds of sale of ties, timber or bark from the land that came to his hands were put back at once by White on the property in improvements, thus making an application of his receipts of rents and from ties, etc., sold, such as he had clearly the right to make, and that application could not have been properly disturbed by the court, for to do so and apply those credits as appellants contend they should be applied, would be to apply them as credits on White's best secured debt and thus violate the rule well established, that if the party making the payments does not direct their application, or there is no agreement between the parties in interest as to how they are to be applied, the creditor receiving them may make the application, and if he does not do so, then a court of equity will apply the credits to the creditor's most precarious debt. *Chapman* v. *Com'th,* 25 Gratt. (66 Va.) 721; *Smith* v. *Loyd,* 11 Leigh (38 Va.) 512, 37 Am. Dec. 621; *Pope* v. *Transparent Ice Co.,* 91 Va. 79, 20 S. E. 940.

Appellants' second assignment of error proceeds upon the theory that the circuit court, by its decree appealed from, has decreed against appellants, including both Della M. Hall and Emily B. Hall, for the whole amount of the costs of this suit, amounting to more than $1,200, and after applying the sums of $328.17 and $30.41, which arose from rents collected by Williams, receiver, from the lands, towards the payment of these costs, leaving a balance due to H. M. White, as stated in the decree, of $819, a personal decree is awarded in favor of White against all of these appellants.

The statement of costs attached to the petition of appellants for this appeal is no part of the record, and, therefore, cannot be considered by this court. But beyond this we do not read the decree as authorizing a recovery by White of all the costs of this litigation from appellants, including Della M. Hall and Emily B. Hall, and as fixing the balance of the costs as being $819. On the contrary, the decree directs the clerk of the circuit court "to retax the costs herein showing the amount of costs chargeable to the plaintiffs and defendants, respectively;" therefore, the matter of how the costs of the litigation are to be paid has not yet been determined by the trial court, but is, by its decree, reserved for future consideration and adjudication.

The remaining assignment of error presents the question whether or not the trial court erred in not giving appellants a day within which to redeem the land decreed to be sold, by paying the liens and charges established against it by the decision of this court on the former appeal. It does not appear that this question was raised in the court below, nor does it appear from the record that the appellants were in any way prejudiced by the failure of the court's decree to give them a day in which to redeem the land. On the contrary, the fair inference to be drawn from the record is that they were not, and could not have been,

thereby prejudiced or injured, nor does it appear that this case belongs to the class to which the rule invoked by appellants applies.

There is no reversible error in the decree appealed from and, therefore, it is affirmed.

*Affirmed.*