Whiting Hotel Building Corporation, Appellee, v. Sun Indemnity Company of New York, Appellant.

Gen. No. 37,432.

Opinion filed April 10, 1935.

JOSEPH H. HINSHAW, of Chicago, for appellant; OSWELL G. TREADWAY, of Chicago, of counsel.

FOLLANSBEE, SHOREY & SCHUPP, of Chicago, for appellee; CLYDE E. SHOREY and LOREN P. OAKES, of Chicago, of counsel.

MR. PRESIDING JUSTICE HEBEL delivered the opinion of the court.

This is an appeal by the Sun Indemnity Company of New York, a corporation, one of the defendants, from the entry of a judgment in the sum of $3,975.31 against James Stamos, Nicholas Stamos, Angeline Stamos, William B. Mitchell, William Murgelas and William Pappajohn, dealing as the S. and M. Enterprises, co-partners and the Sun Indemnity Company, in an action of assumpsit, wherein the plaintiff seeks to recover for the amount due for rent of February and March, 1930, from the defendants to the plaintiff for the occupancy of the premises known as the Whiting Hotel, located in the City of Whiting, Indiana.

It appears from the evidence that the plaintiff was the owner of certain premises with a hotel and store building thereon, located in the City of Whiting, Indiana. By a lease bearing date of January 27, 1927, the premises and building were leased to the defendants other than the Sun Indemnity Company of New York, for a term of 40 years. By the terms of the lease the lessees, who were the defendants in this action, agreed to pay to the plaintiff as lessor for the term of the lease the sum of $1,057,500.60, which was to be paid in instalments, and for the first five years of the term was to be paid at the rate of $1,666.67 monthly in advance on the first business day of each month.

The lease required the defendant lessees to furnish a bond to save the plaintiff harmless by reason of default of the defendant lessees in the payment of the rent, or in the performance of any and all of the other covenants of the lease; that in compliance with this provision of the lease the defendants procured the Sun Indemnity Company of New York, one of the defendants herein, to execute with them the bond on which this action is brought. This bond bears date March 15, 1929, and was subject to the express condition that the liability of the assured was limited to the period of one year only from March 15, 1929.

It also appears as a fact that the Peoples State Bank, of Indianapolis, Indiana, became the trustee for the bondholders of the Whiting Hotel Building Corporation sometime previous to the execution of the bond, and that arrangements were entered into by the plaintiff and the Peoples State Bank, whereby the State Bank was authorized to receive the rent payments under the lease.

The evidence shows that the defendants as lessees made rent payments to the bank from June, 1928, to September, 1930. It appears from the evidence, however, that no payments were made during February and March, 1930; that payment made on April 17, 1930, was applied to the April rent, and that there was due to the plaintiff the rents for February and March, for which recovery was asked in the action instituted against these defendants.

The only defendant here on appeal is the Sun Indemnity Company of New York. The other named defendants are not complaining. The question is whether this defendant is liable on its bond for the unpaid rent for the months of February and March, 1930. The facts indicate that the defendant lessees did not make any payment of money to the plaintiff during these two months, but did make a payment which was received by the plaintiff on April 17, 1930, and the plaintiff ap-

plied this payment to the April rent then due, and that subsequent payments received by the bank were applied to the succeeding months, and the question narrows itself to the right of the plaintiff to apply the payments received as it did, all of which appears from its books of account.

The rule governing the question as to the application of payment has been approved by the Supreme Court, and is to the effect that a creditor may apply the amount received from a debtor either to the payment of unsecured or secured items, unless the debtor directs the application of the payment, which direction may be implied from circumstances surrounding the payment. *Hansen v. Rounsavell,* 74 Ill. 238.

The facts as they appear in this record surrounding the receipt of the payments by the defendants to the plaintiff would indicate that the payments were not always received at the time fixed in the lease, but as received were applied by the plaintiff to each succeeding month until the default occurred in the payment of the February and March, 1930, rent.

The defendant here received the letter signed by Clarence R. Weaver, vice president and trust officer of the Peoples State Bank, to whom payments were made, a notice that the lessees were in default in the payment of the rent due under the terms of their lease, and this defendant here on appeal had knowledge of the default by the defendant lessees of the February and March, 1930, rent, as evidenced by its letter directed to one W. B. Mitchell, one of the defendant lessees, who is not here on appeal.

The defendant contends that if the plaintiff had applied the rent payments received in April and May, 1930, to the February and March rents, as indicated, then these payments would have satisfied the obligation of the defendants' bond and the plaintiff would have no cause of action against this defendant.

The intent upon which the payments were made must be gathered from the facts and circumstances at the time the plaintiff received the payments. The defendant, however, points to the fact that the plaintiff, having accepted rent payments, after the due date, waived its right to insist upon a strict compliance with the terms of the lease, without first giving notice, not alone to the lessees, but also to this defendant, of its intention to do so.

The defendant admits the receipt of the letters from the plaintiff that a default in the payment of rents had occurred, but denies that this defendant was ever notified of the intention of the plaintiff to make a change in the application of the rent checks when received. It is doubtful whether this defendant as a surety can require that payments shall be applied to the payment of the indebtedness due, in order that the condition of the bond may be satisfied. The rule applicable is stated by the Supreme Court in the case of *Hansen v. Rounsavell,* 74 Ill. 238, in this language:

"But it is claimed that if there was no agreement for the appropriation, then the circumstance of there being sureties for one debt should control the application in protection of the sureties to that debt. But we understand the general rule to be otherwise, and that it is the creditor's right in such case to have the payment applied to the debt which is the most precarious, where there is nothing to control this application. 2 Pars. on Con. 631, 632. We recognize the rule as stated by that author, as follows: But where an obligor makes a general payment to his obligee, to whom he is indebted not only on the bond but otherwise, the surety of the obligor cannot require that the payment should be applied to the bond, unless aided by circumstances which show that such application was intended by the obligor." See also the case of *Halsted v. Griefen,* 173 Ill. App. 551.

The defendant is not aided by surrounding circumstances which would indicate that the defendant lessees, the obligors of the bond, intended that the rent money should be applied as contended for by the defendant, and under the authority of the case just cited, as a surety, it is not in a position to require that the payments received by the plaintiff should be applied so as to satisfy the obligation upon its bond. The application of the rents was properly made, and the defendant as a surety under the facts and circumstances is not in a position to complain that the defendant lessees did not request that the rent money when received by the plaintiff be applied to rent for February and March, 1930. The defendant assumed a burden for a compensation, and the language used by the court in the case of *Maryland Casualty Co. v. City of South Norfolk*, 54 F. (2d) 1032, is pertinent, and is as follows: "A debt guaranteed by a compensated surety stands, we think, in the same category as an ordinary secured debt; for while the creditor does not hold property of the principal debtor as security, he does hold the promise of the third person for which the principal debtor has paid, and this third person has no equity superior to that of the creditor, and there is no reason for not following the ordinary rule of applying the payment in the interest of the creditor. See *Wait v. Homestead Building Ass'n*, 81 W. Va. 702, 95 S. E. 203, 21 A. L. R. 696, and note; *Pope v. Transparent Ice Co.*, 91 Va. 79, 20 S. E. 940; *State v. United States F. & G. Co.*, 81 Kan. 660, 106 P. 1040, 26 L. R. A. (N. S.) 865."

For the reasons stated in this opinion, we are unable to find that there is reversible error in the record, and accordingly the judgment is affirmed.

*Judgment affirmed.*

Wilson and Hall, JJ., concur.