## CIRCUIT COURT OF FAIRFAX COUNTY

Oakton Cloisters
Homeowners Association

v.

James Linderman et al.

August 14, 1991

Case No. (Chancery) 116394

By JUDGE ROSEMARIE ANNUNZIATA

The matters before the Court are the complainant's Motion to Confirm the Special Commissioner's Report and defendant James Linderman's Exceptions to the Special Commissioner's Report.

The pertinent facts are as follows. The complainant obtained a default judgment against the defendant Linderman for delinquent homeowners association fees on January 9, 1990, in Alexandria General District Court. Judgment was entered in the amount of $2,089.54, with 8% interest from the date of the judgment, $29.00 costs and $520.00 attorney fees. The complainant docketed the judgment in the Fairfax County land records on January 22, 1990.

The complainant filed a Bill of Complaint in the present case on May 25, 1990, asking that a conveyance of real estate from the defendant Linderman to the defendant Karen Ferris, Mr. Linderman's wife, be set aside on the

grounds that the conveyance was made to prevent the complainant from collecting the Alexandria General District Court judgment. Meritor Savings Bank, F.A. (hereinafter referred to as "Meritor"), the noteholder and beneficiary of a first deed of trust encumbering the property recorded on July 20, 1978, was joined as a defendant, along with Martin L. Schnider and John D. K. Smoot as trustees under the first deed of trust. Beneficial Mortgage Co. of Virginia, Inc. (hereinafter referred to as "Beneficial") was also joined as a defendant because of its status as the noteholder and beneficiary of a second deed of trust recorded on September 22, 1986. Defendants Bradford C. Harrison and Frank P. Dorsett are the trustees under the second deed of trust.

On January 7, 1991, Judge Fitzpatrick entered a default judgment against the defendant Linderman setting aside the conveyance to the defendant Ferris as fraudulent. Judge Brown subsequently entered an order on March 15, 1991, confirming the judgment lien docketed on January 22, 1990, as a lien subordinate to the two deeds of trust encumbering the property.

A Decree of Sale was entered on April 19, 1991, appointing D. Brian Costello as Special Commissioner. The Decree authorizing the Commissioner to sell the property at a private sale or through a licensed real estate agent as the Commissioner deemed advisable, as long as the property was not sold for less than the total payoff of both trust liens, the judgment lien and any delinquent real estate taxes. In addition, attorney fees in the amount of $1,500.00 were awarded in the Decree of Sale pursuant to Va. Code § 55-82.

The Commissioner solicited bids for the property by advertisement in the *Fairfax Journal* and by mailing the notice of sale to twenty-two real estate agents, brokers, and private investors. The Commissioner subsequently filed a Report recommending confirmation of the highest bid for the property of $120,000.00. In response to the complainant's Motion to Confirm the Commissioner's Report, the defendant Linderman filed Exceptions to the Report. The parties appeared for argument before the Court regarding the complainant's Motion and the defendant Linderman's Exceptions on June 21, 1991, and the Court took the matters

under advisement. Each party subsequently filed memoranda of law addressing the issues presented.

Counsel for the complainant argues that defendant Linderman's Exceptions to the Commissioner's Report must be overruled because the Decree of Sale is a final order and, according to Virginia Supreme Court Rule 1:1, the Court's jurisdiction to correct any errors in the Decree ceased within twenty-one days after entry. The complainant cites the definition of a final order as one "which disposes of the whole subject, gives all the relief contemplated . . . and leaves nothing to be done in the cause save to superintend ministerially the execution of the order." Complainant's Memorandum of Points and Authorities in Opposition to Exceptions to Commissioner's Report at 2 (citing *Daniels v. Truck & Equip. Corp.*, 205 Va. 579 (1964)). The Complainant concludes that the Court's duties after entry of the Decree of Sale are ministerial in nature, rather than discretionary, and therefore, the Decree is final. *Id.*

However, it is well-established that a Decree of Sale is an interlocutory, rather than a final order. "A judicial sale is not consummated until the proceeding is confirmed by the court. Until then the proceeding is *in fieri*, the accepted bidder is merely a preferred proposer, and the Court retains the power to set the proceeding aside and order a new sale." *Austin v. Dobbins*, 219 Va. 930, 935 (1979). (citing *Terry v. Coles's Ex'or, et al.*, 80 Va. 695 (1885)). The Virginia Supreme Court has further noted that the Decree of Sale is not a final order because a number of discretionary functions, such as directing the application of the proceeds of the sale, passing on the reports of the sale, and approving or rejecting bids, must be performed by the Court after entry of the Decree. *Richardson v. Gardner*, 128 Va. 676, 683 (1920); *see also, Motley v. Vicello*, 132 Va. 281, 292 (1922).

Even if the defendant Linderman is not barred from attacking the Decree of Sale by Rule 1:1, the complainant argues that the defendant should be precluded from asserting any Exceptions to the Report because he is in default. However, Virginia Supreme Court Rules 2:17 and 3:17 provide that a defendant who is in default waives only the right to trial by jury, any objections to the admissibility of evidence, and notice of further proceedings in the

case. Thus, the Rules do not prevent the defendant in the present case from asserting that the creditor has failed to comply with the common law and statutory requirements for a judicial sale. *See also, Kyles v. Tait's Adm'r*, 47 Va. (6 Gratt.) 44 (1849) (defendant was permitted to assert on appeal that a Decree of Sale did not provide for a period of redemption even though he was in default).

The defendant's primary Exception to the Commissioner's Report rests on his allegation that the Special Commissioner's Report should not be confirmed because the Decree of Sale failed to provide a reasonable time for the defendant to redeem the land by paying the amount of the judgment lien. As both parties note in their memoranda of law, the Decree of Sale should contain a period in which the debtor may redeem the property, and if the judgment debtor can show that he was prejudiced by the omission, the Decree is erroneously entered. *Harkins v. Forsyth*, 38 Va. (11 Leigh) 294 (1840); *Kyles v. Tait*, 47 Va. (6 Gratt.) 44 (1849); *Dockery v. Flanary*, 194 Va. 318 (1953); *Crawford v. Weller*, 64 Va. (23 Gratt.) 835 (1873); *Hall v. White*, 114 Va. 562 (1913); *Peterson v. Haynes*, 145 Va. 653 (1926).

It is clear that the Decree of Sale in the present case did not provide for a period of redemption, and the Court finds that the defendant Linderman was prejudiced by the error. The defendant relied to his detriment on the absence of a specific time by which the property was to be redeemed and put his right to redeem at risk by delaying payment of the judgment. The Court further finds that in light of the defendant's payment of the judgment, the property must be considered redeemed. *See* complainant's Memorandum of Points and Authorities in Opposition to Exceptions to Commissioner's Report at 4-5 (conceding that the defendant has paid the judgment lien in full). *See also Tait*, 87 Va. (6 Gratt.) at 49 (ninety days is a reasonable length of time to redeem the property); *Strayer v. Long*, 89 Va. 471 (1926) (court has discretion to determine the length of time available to the defendant to redeem the property). Here, it should be noted, the payment of the heir was within seventy-three days of the entry of the decree of sale.

For the reasons stated above, the Court denies the complainant's Motion to Confirm the Special Commissioner's Report. I also find that the complainant's assertion that

the interests of the holders of the deeds of trust will be injured if the Court does not confirm the Special Commissioner's Report is not persuasive. There is no evidence that the defendant is in default on his obligations to these creditors, and they have not asserted any such claims in the present suit.

Finally, I find that the complainant may not recover attorney fees pursuant to Virginia Code § 55-82, as provided in the Decree of Sale. According to § 55-82, a creditor may recover attorney fees incurred as the result of a suit to avoid a fraudulent conveyance which the creditor has filed prior to obtaining a judgment on the underlying claim. In this case, however, the complainant had already obtained a judgment on the underlying claim in the Alexandria General District Court before it filed the present action to set aside the fraudulent conveyance. Therefore, Virginia Code § 55-82 does not provide statutory support for the recovery of attorney fees.

The complainant also alleges that even if Virginia Code § 55-82 does not provide specific statutory authority for the award, the complainant is entitled to recover its attorney fees pursuant to a contract with the defendant, the Declaration of Covenants and Restrictions. However, the contract is not before the Court. In the absence of specific statutory authority or a contractual agreement between the parties, attorney fees may not be awarded and this portion of the Decree of Sale is accordingly vacated. *Citizens Nat'l Bank v. Manoni*, 76 Va. 802 (1882); *Flint v. Haynes*, 651 F.2d 970 (4th Cir. 1981), *cert. denied*, 454 U.S. 1151 (1982).

Based on my decision that defendant Linderman has redeemed the property and that the Special Commissioner's report will not be confirmed, the defendant's additional Exceptions need not be addressed.